## Power v. Bermester et al.

(Supreme Court, General Term, Second Department. December 10, 1890.)

EXECUTORS AND ADMINISTRATORS—BONDS—LIABILITY OF SURETIES.

After an administratrix of a supposed intestate had been appointed and given bond, and had received money as such administratrix, a will of the deceased was found and letters testamentary were issued to the executor named therein. Held, that on the refusal of the administratrix to pay over to the executor such money, the sureties on her bond were liable therefor; and the order of the surrogate fixing the amount of her defalcation was binding on them.

Appeal from special term, Kings county.

Action by John Power, as executor of Bernhardine, known as "Dina," Overbeck, deceased, against Gertrude Bermester, John Speckman, and Meta Towsma, on a bond given by said Gertrude Bermester as administratrix, on which the other defendants were sureties. From a judgment for plaintiff rendered on a trial by the court without a jury, defendant Speckman appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

J. E. Van Nostrand, (Sawyer & Getty, of counsel,) for appellant. Lewis J. Conlan, for respondent.

BARNARD, P. J.   Dina Overbeck, a resident of the city of Brooklyn, died, as was supposed, intestate, in June, 1887. The defendant Gertrude Bermester was next of kin to deceased. She renounced her right to administration, and the public administrator was appointed in June, 1887. In July, 1887, the defendent Bermester presented a petition to the surrogate of Kings county, stating the death of Dina Overbeck intestate, that she was the only next of kin, and resided in Kings county, and asked to be appointed administratrix. Letters of administration were issued to her, and the defendants Speckman and Towsma became her sureties. The administratrix Bermester received a considerable sum of money as administratrix, which she refuses to pay over to the plaintiff, who was subsequently appointed the executor of the deceased, she in fact having left a will. The surety denies his liability, because the appointment of Gertrude Bermester was void. The surrogate had jurisdiction of the estate and of the person of Mrs. Bermester. The appointment cannot be assailed collaterally. Kelly v. West, 80 N. Y. 139. The sureties are estopped from denying liability, the principal having, and without fraud, made the engagement. Kimball v. Newell, 7 Hill, 116. The surrogate's order fixing the amount of the administratrix's defalcation bound the sureties as well as the administratrix. Scofield v. Churchill, 72 N. Y. 565. The judgment should therefore be affirmed, with costs.