## BARNES v. DAVIS *et al.*

No. 1317.  'Opinion Filed December 12, 1911.

(120 Pac. 275.)

1. **TRIAL—Demurrer to Evidence.** It is not error to sustain a demurrer to the evidence on behalf of a part of the defendants, when there is no evidence tending to prove a cause of action against them.

2. **PLEADING—Judgment on Pleadings.** It is not error to overrule a motion for judgment on the pleadings, where the answer is a general denial, and is sufficient to put in issue all the material averments of the petition.

3. **FALSE IMPRISONMENT—Instructions.** Instructions examined, and held not subject to complaint by the plaintiff.

(Syllabus by Ames, C.)

*Error from District Court, Murray County; R. McMillan, Judge.*

Action by T. L. Barnes, plaintiff below, plaintiff in error, against Sam Davis, Sam McClusky, the Merchants' & Planters' National Bank of Davis, E. J. Henderson, and A. L. Pickens, defendants below, defendants in error, to recover damages, actual and exemplary, for trespassing and false arrest. Judgment for defendants, and plaintiff brings error. Affirmed.

*J. P. Lockwood*, for plaintiff in error.

*Fagan & Kendrick* and *W. N. Lewis,* for defendants in error.

Opinion by AMES, C.  The plaintiff was a tenant of Davis, one of the defendants, and had given his note for the rent. Davis transferred the note, in due course, to the Merchants' & Planters' National Bank of Davis, another of the defendants. McClusky, another of the defendants, was cashier of the bank. The defendant Pickens was an officer, and the defendant Henderson was either an officer, or ·was assisting Pickens in the execution of a writ. The record is in a very unsatisfactory condition. It does not purport to contain the testimony of the witnesses as given on the stand, but only a summary of what was testified; but it ap-

pears from this unsatisfactory record that the bank sued the plaintiff on this note and secured judgment; that the defendants Pickens and Henderson, in executing a writ of attachment or execution on this judgment, went upon the plaintiff's premises, where an altercation ensued between them and the plaintiff and his wife, which resulted in the arrest of the plaintiff and his wife. The other defendants were not present, and did not participate in the matter, further than it may be said that the rendition of their judgment and the enforcement of it was a participation. The evidence of the plaintiff and the defendants Henderson and Pickens was conflicting, each side claiming that the other first resorted to force and profanity; and the testimony of the defendants tended to show that the plaintiff, under the advice of counsel, was purposely laying the foundation for a damage suit.

At the conclusion of the plaintiff's evidence, the court sustained a demurrer thereto as to the defendants Davis, McClusky, and the bank, and submitted the case to the jury as to the other defendants. At the conclusion of the evidence, the plaintiff moved for a judgment on the pleadings, the answer being a general denial, which was overruled.

The brief of the plaintiff in error assigns 17 grounds of error, but does not cite any authorities in support of any of them. The questions raised may be said to involve the ruling of the court on the demurrer to the evidence, on the plaintiff's motion for judgment on the pleadings, on the admission of evidence, and on the instructions.

There being no evidence connecting the defendants Davis, McClusky, and the bank with the trespass or the arrest, there was, of course, no error in sustaining their demurrer to the evidence.

As the answer was a general denial, it was, of course, not error for the court to overrule the motion for judgment on the pleadings.

With reference to the admission of evidence, the plaintiff in error has not complied with the rules of the court relative to setting out the evidence about which he complains. *Great West-*

*ern Mfg. Co. v. Davidson Mill & Elev. Co.,* 26 Okla. 626, 110 Pac. 1096; *Mullen v. Robison, infra,* 120 Pac. 1099.

The other exceptions relate to the giving of instructions, and it would be sufficient to dispose of these by saying that no sufficient exception was taken to them, but, giving the plaintiff the benefit of the doubt on this point, an examination of the instructions discloses that they were liberal to the plaintiff, as appears from the fifth and sixth, as given by the court:

"(5) Now, if you find from the evidence that Pickens and Henderson went upon said premises under said process, and in proceeding to execute the same acted tyranically and oppressively, and arrested plaintiff, without cause or reason, and kept him in prison for any length of time, and that the action was without probable cause, and that while so acting they detained the plaintiff and carried him to Sulphur, and restrained and abused him, without cause or reason, then, in that event, you should find for the plaintiff, and give him such damages as you may think he is entitled to under the proof for his actual detention, imprisonment, and disgrace; and you may go further, if you so find that the defendants acted so as to deserve it, a damage, known as smart money or punitive damages, to be placed upon the defendants as exemplary damages, to teach them a lesson in their future conduct.

"(6) On the contrary, if you find that the defendants herein were acting in good faith under the process that was in their hands, and used no more force than necessary in the discharge of their duty, and if you also find that they were resisted by the plaintiff and his family, and were arrested for obstructing an officer in the discharge of his duty, and that while under said arrest they were dealt with humanely and fairly, then, and in that event, your verdict should be for the defendants, and you should so find."

Finding no error in the record, the case should be affirmed.

By the Court: It is so ordered.

All the Justices concur.