## LEIGHTON v. CROWELL et al.

No. 7474.   Opinion Filed September 12, 1916.

(159 Pac. 1119.)

**Pleading—Judgment On—Defense.**

Where the petition states a cause of action and the answer does not allege new matter, it is error for the court to render judgment for the defendants on the pleadings.

(Syllabus by Rittenhouse, C.)

Error from District Court, Woods County; W. C. Crow, judge.

Action by Elton L. Leighton, as administrator of the estate of John S. Wagner, deceased, against George W. Crowell, J. A. Stine, and G. E. Nickel. Judgment for defendants, and plaintiff brings error. Reversed and remanded. ·

Charles R. Alexander, for plaintiff in error.

E. W. Snoddy, for defendants in error.

Opinion by RITTENHOUSE, C.   On April 12, 1904, George W. Crowell was appointed administrator of the estate of John S. Wagner, deceased, and executed a bond in the penal sum of $12,000, with J. A. Stine and G. E. Nickel as sureties, conditioned upon the faithful performance of his duties as administrator. It is alleged in the petition that the administrator did not faithfully perform his duties; that in May, 1904, he converted the property of said estate into cash which he commingled with his individual money and used for his own profit and benefit; that he made no report to the court, nor has he rendered an exhibit under oath showing the amount of money received and expended by him; nor has he paid over the proceeds from said property to the persons entitled thereto; that in August, 1911, the heirs of John S. Wagner, deceased, filed a petition, setting forth the defaults and mismanagement of the said estate by the defendant George W. Crowell, and on November 9, 1911, a citation was duly issued and served, upon him in the same manner as a summons in a civil action, requiring him to appear at a time certain and then and there show cause why an attachment should not be issued to compel him to ren-

der an account and report, and requiring such report to be made at said time and place; that on March 11, 1912, the heirs filed a duly verified petition, setting forth the facts of the mismanagement of the estate, and asking that the defendant George W. Crowell be removed and his letters of administration revoked, which was set for hearing April 22, 1912, and a citation issued, citing him to appear on said day and show cause why he should not be removed and his letters of administration revoked. Upon hearing the evidence, the court made an order, removing him and revoking his letters of administration; that on September 9, 1912, the plaintiff, Elton L. Leighton, was duly appointed administrator of said estate, and qualified and entered upon the duties of such office as the successor of George W. Crowell; that on November 16, 1912, he filed an account thereof with the court, whereupon the court appointed a time and place for the hearing of the same, which report was served upon George W. Crowell, and he was given due and legal notice of the hearing and settlement of such report. At this hearing he did not appear, and the court found that there was due and payable from George W. Crowell to said estate the sum of $6,739.50, with interest, which he was ordered to deliver to the plaintiff and in default thereof the plaintiff was authorized to institute this action; that in January, 1913, a citation was issued and duly served upon George W. Crowell, reciting the amount found due, and commanding the said George W. Crowell to pay said sum to the plaintiff; that no part has ever been paid, and there is due from the defendants, George W. Crowell, J. A. Stine, and G. E. Nickel, to the plaintiff, the said sum so found due. The defendants filed a general denial; no reply was filed. A motion for judgment on the pleadings in favor of the defendants was sustained, and it is assigned as error: (1) That the judgment upon the pleadings was contrary to law; (2) that the answer does not state facts sufficient to constitute a defense to the plaintiff's petition. The petition alleged facts, if true, sufficient to show that the county court had jurisdiction of the parties and of the subject-matter, and in entering judgment of January 4, 1913, fixed the liability of the former administrator and his sureties, and, when so fixed, the defendants cannot go behind such judgment or inquire into the merits. It was held in Irwin v. Backus, 25 Cal. 214, 85 Am. Dec. 125, that:

"Sureties may show in defense, when sued upon administrator's bond for a breach

thereof by the principal in not paying over a sum found due by the probate court and decreed by such court to be paid, that the bond was not made, or that such decree was not made, or that, if made, the same has been obeyed, or that it was obtained by fraud or collusion; but they cannot show that the court has erred in making the decree, or that no assets ever came into the possession of the administrator, although the court has so found and adjudged."

See, also, Spencer v. Houghton, 68 Cal. 82, 8 Pac. 679; Power v. Bermester, 12 N. Y. Supp. 25. In the instant case judgment was entered upon the pleadings; and, as the answer did not contain any new matter, but merely a denial of the allegations already set forth in the plaintiff's petition, it was not necessary for the plaintiff to reply to the answer. Wilson v. Fuller, 9 Kan. 176; Mackey v. Briggs, 16 Colo. 143, 26 Pac. 131; Netcott v. Porter et al., 19 Kan. 131; Barnes v. Davis et al., 30 Okla. 511, 120 Pac. 275.

It therefore follows that the court erred in rendering judgment on the pleadings, and the judgment should be reversed, and the cause remanded for a new trial upon the merits.

By the Court: It is so ordered.