**ST. LOUIS & S. F. R. CO. v. DRIGGERS et al.**

No. 5016—Opinion Filed July 10, 1917.

(166 Pac. 703.)

**1. Pleading—Reply—Effect.**

Where a written instrument is pleaded as the basis of a defense to a cause of action, an unverified reply does not put in issue the execution of such instrument, and there is no necessity for providing the same on the trial.

**2.—Same—Admissions—Effect of.**

The admission of the execution of a written instrument by the pleadings admits them with all of their legal effect that must of necessity follow, and this legal effect is to place them before the court with all of their contents, terms, conditions, and stipulations expressed therein, and it is unnecessary to introduce them in evidence.

(Syllabus by West, C.)

Error from District Court, Grady County; Will Linn, Judge.

Action by J. F. Driggers and I. E. Carr, doing business as Driggers & Carr, against the St. Louis & San Francisco Railroad Company, a corporation. There was a judgment for plaintiffs, and defendant brings error. Reversed and remanded.

W. F. Evans, R. A. Kleinschmidt, and Fred E. Suits, for the plaintiff in error.

Riddle & Hammerly, for defendants in error.

Opinion by WEST, C. This was a suit instituted by Driggers & Carr, hereinafter referred to as plaintiffs, against St. Louis & San Francisco Railway Company, hereinafter referred to as defendant, filed in the superior court of Grady county, Okla., on July 19, 1912, for damages in the sum of $434.50 for failure to promptly transport and deliver 110 head of cattle received from Ft. Sill, Oklahoma, on June 20, 1910, to Kansas City, on account of shrinkage and declining market. On August 13, 1912, the defendant filed its answer in said cause herein and denied in general all the allegations in plaintiffs' petition except such as were specifically admitted, and admitted the receipt of the cattle as alleged for the purpose of transporting the same to Kansas City stockyards and market, and alleged that the same were received and transported under two certain contracts, marked Exhibits A and B, and made a part of its answer, and pleaded in a general way each and every paragraph of said contracts as a bar to plaintiffs' right of recovery.

Thereafterwards, on December 30, 1912, plaintiffs filed an amended petition praying for judgment for $750. The last paragraph of plaintiffs' amended petition is as follows:

"Fourth. Plaintiffs aver that they have substantially complied with paragraph 11 of the alleged live stock contract which the defendant pleads as a part of their defense to this cause of action; but in the event it should be held by the court that said provision No. 11 of said live stock contract has not been strictly and technically complied with by the plaintiffs, then these plaintiffs allege that the said defendant has waived said provision No. 11 of said contract, in that the claim for damages sued for herein was filed with the freight claim agent of

said defendant in writing, and that they have received and considered the same upon the merits and made no objection that the same was not filed in the time provided for in said section 11 of said contract. Plaintiffs further aver that said provision by acts of the parties has been eliminated from said alleged contract, in that said defendant considered the claim for damages on its merits, and did not object to same as filed too late."

And thereafterwards on February 22, 1913, defendant filed an amended answer to plaintiffs' amended petition which was in substance the same as the answer filed to the original petition. To this answer plaintiffs filed an unverified reply.

Upon this state of the pleadings case was tried to a jury on March 13, 1913, and a verdict was returned for plaintiffs in the sum of $250.

The first three assignments of error of defendant are as follows: First, error of court in overruling defendant's demurrer to plaintiffs' evidence; second, error of court in refusing to direct the jury to return a verdict for the defendant; third, the verdict was not sustained by sufficient evidence and is contrary to law.

These assignments were collectively argued by defendant in its brief under one proposition, to wit: Is the plaintiffs' evidence sufficient to sustain a cause of action against the defendant? That is to say, is all of the evidence, considered in the light most favorable to plaintiffs and every reasonable inference and deduction which may be drawn therefrom in their favor, sufficient to support the verdict of the jury?

Rev. Laws 1910, sec. 4759, provides:

"4759.    Verification of Denial Required. When.

—In all actions, allegations of the execution of written instruments and indorsements thereon * * * shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

The reply of plaintiffs, not being verified, therefore admitted the execution by the plaintiffs of the two certain contracts copies of which were attached to and made a part of defendant's answer, and under which it claimed that the shipment of cattle in question moved.

Paragraph 11 of said contract is as follows:

"Eleventh. That, as a condition precedent to a recovery for any damages for delay, loss or injury to live stock covered by this contract, the second party will give notice in writing of the claim therefor to some general officer or the nearest station agent of the first party, or to the agent at destination, or some general officer of the delivering line, before such stock is removed from the point of shipment or from the place of destination, and before such stock is mingled with other stock, such written notification to be served within one day after the delivery of such stock at destination, to the end that such claim shall be fully and fairly investigated; and that a failure to fully comply with the provisions of this clause shall be a bar to the recovery of any and all such claims."

There was no evidence offered by the plaintiffs tending to show a compliance with this paragraph of the contract as pleaded by plaintiffs in the fourth paragraph of their amended petition, and, this being an interstate shipment, it is well established that plaintiffs as a condition precedent to recovery should have shown a compliance with said paragraph in said contract, and could not rely upon a waiver thereof by defendant. St. Louis & S. F. R. Co. v. Zickafoose, 39 Okla. 302, 135 Pac. 406, and cases cited; Adams Express Co. v. E. H. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257.

However, it was contended by plaintiffs that under section 4759, Rev. Laws 1910, supra, the effect of the unverified reply of plaintiffs was merely to relieve the defendant from proving the execution of the special contracts pleaded in its answer, but that the conditions of said contract could not be considered by the court until they were introduced in evidence, and this was not done in this case. Copy of said contract having been attached to the defendant's answer, and under the state of the pleadings in the case the execution of the same being admitted, but not being introduced in evidence, what was the legal effect of said contract? Were they with all of their contents, terms, and conditions before the court without the necessity of formally offering them in evidence?

In Reed v. Arnold, 10 Kan. 102, the second paragraph of the syllabus is as follows:

"2.    Admission in Pleadings. — Where an action is brought upon written instrument, and the execution of the same is expressly or by implication of law admitted by the pleadings, there is no issue upon which evidence in proof of the written instrument may be introduced."

In the Reed v. Arnold Case, supra, which was a suit upon a note and contract, defendant answered, denying indebtedness to the plaintiff and setting up new matter con-

stituting a counterclaim and set-off. During the trial plaintiff offered to introduce in evidence the note and contract. The defendant objected on the ground that no copy or same had been attached to the petition as required by the Code. The court sustained the objection, and the plaintiff excepted. Judgment was rendered in favor of defendant, and plaintiff appealed. The court says:

"The only ruling complained of is that of the court in excluding said evidence. If the only reason for excluding said evidence was that copies of said note and contract were not attached to the petition, when the originals themselves were so attached, we think the reason was a very unsound one. Certainly, wherever copies of written instruments may be used, the originals may also be used. But there was a better reason for the exclusion of said evidence. There was no issue upon which it could be introduced; there was no controversy about the note or contract. The execution of both were admitted by the pleadings. Every material allegation of the petition, not controverted by the answer, must be taken as true. Civil Code, 128. And every pleading controverting the execution of a written instrument must be verified by affidavit. Code, 108. Neither was done in this case. There was no denial of the execution of the note or contract, and no allegation of the answer was verified by affidavit. A mere denial of indebtedness on the note or contract is no denial of the execution of either. When the execution of a written instrument is admitted by the pleadings, its legal effect must of necessity follow; and what its legal effect is is purely a question of law for the court to determine. There is, then, no issue of fact with reference to the existence or effect of the written instrument upon which evidence can be introduced to the jury; and evidence can never be introduced to a jury except in support of some issue of fact made by the pleadings. The evidence, then, as we think, was rightfully excluded."

In case of Missouri River, Ft. S. & G. R. Co. v. James Wilson and Others, 10 Kan. 105, second paragraph of syllabus is as follows:

"2. Pleadings—Verification—Proof of Execution.—Where an action is founded on a written instrument, and the petition sets forth the same in full, an answer not verified does not put in issue the execution of such written instrument, and there is no necessity for proving the same on the trial."

The court in the body of the opinion used the following language:

"The petition of the plaintiffs below sets forth a written instrument, a contract, as the foundation for their cause of action. The plaintiffs in error claim that this written instrument was not proved on the trial, and for this reason alone it is claimed that the verdict is not sustained by sufficient evidence.

"For the sake of the argument we shall assume that the written instrument was not proved. The question then arises: Was it necessary to prove it? The petition set forth this written instrument in full, and alleged its due execution on the 2nd day of December, 1870, the last day on which they had a right to answer, by simply filing a general denial. This answer was not verified in accordance with section 108 of the Code, nor was there any affidavit filed with the answer in accordance with section 112 of the Code, stating the substance of the facts contained in the answer. In fact, the answer was not verified in any form or manner, and therefore the execution of said written instrument was not put in issue, and there was no necessity for proving it. See sections 108, 128, Code; Reed v. Arnold, 10 Kan. 102, and cases there cited."

Our court in case of St. Louis & S. F. R. Co. v. Bruner, 52 Okla. 349, 152 Pac. 1103, in the first and seventh paragraphs of the syllabus, lays down the following rules:

"(1) In all actions allegations of the execution of a written instrument shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney. So where, in an action for personal injuries, the defendant pleaded an accord and satisfaction of the cause of action, and attached to its answer a written release, which it alleged in the answer was executed by the plaintiff, held, the execution of the release was admitted, unless denied by a verified reply."

"(7) Where the execution of a written instrument is admitted, but want of consideration therefor pleaded, the burden is upon the party executing the instrument to prove by a preponderance of the evidence the want of consideration."

In case of St. Louis & San Francisco Railroad Co. v. Wm. Bondies & Co., 64 Okla. 88, 166 Pac. 179, Mr. Justice Hardy in the fifth paragraph of said case lays down the following rule:

"Allegations in plaintiff's petition alleging the execution of a certain contract therein set out are admitted by failure of defendant to deny the execution thereof under oath, and the admission of oral evidence to prove the terms of said contract is harmless."

And so it is our opinion that the unverified reply of the plaintiffs admitted the execution of the special contracts attached to defendant's answer and made a part thereof, together with their legal effect that must of necessity follow, and this legal effect would be the placing of the contracts before the court with all of the terms and conditions and stipulations contained therein.

The admission of the execution of the contract admitted that the contracts were executed with all of their terms, conditions, and stipulations expressed therein, and, this being so, there was no issue with reference to the execution of the contracts or their contents, and it was unnecessary to introduce them in evidence. Evidence cannot be admitted except to support some issue of fact made out by the pleadings, and when there is no issue there is no necessity for evidence, and it would be idle ceremony for the court to require or even permit a party to go through the formality of introducing a written instrument attached to the pleadings, the execution of which, with all of its terms, stipulations, and conditions, being admitted by the pleadings. There being no evidence offered by plaintiffs in this case tending to show a compliance with paragraph 11 of the contract attached to defendant's answer, we accordingly hold that the evidence was insufficient to support a judgment in favor of plaintiffs and against defendant.

This cause is therefore reversed and remanded for further proceedings not inconsistent with this opinion.

By the Court: It is ordered.