## ATLAS SUPPLY CO. v. BANK OF COMMERCE et al.

No. 14317—Opinion Filed Feb. 5, 1924.

(Syllabus.)

1. **Mechanics' Liens—Lien for Oil Well Supplies Furnished Lessee.**

Under section 7464, Comp. Okla. Stat. 1921, any person who, under a contract

with the owner of any oil and gas lease, shall furnish any material and supplies used on said lease, shall have a lien upon the material and supplies so furnished, and upon the whole of such leasehold and all other fixtures and appliances thereon used in operating said lease, and such lien shall be preferred to all other liens or incumbrances which may attach subsequent to the furnishing of such material and supplies.

### 2. Same—Time of Attachment of Lien.

Where oil well supplies are sold and furnished to the owner of an oil and gas lease and used thereon, and where said material and supplies are delivered at different times, but under one general contract, the materialman's lien for all items attaches from the time the first item is furnished.

### 3. Same—Priority Over Mortgage.

Where oil well supplies are sold and furnished to the owner of an oil and gas lease at various times, as they may be required, and where it does not appear that the various items were furnished under one general contract, and where, after a part of the items have been furnished, the owner mortgages the leasehold and all material and appliances thereon, held, said mortgage lien is inferior and subject to the lien for material and supplies furnished prior to the recording of said mortgage, but is superior to the lien for supplies and material furnished thereafter.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by the Bank of Commerce of Okmulgee, Okla., et al., against the Atlas Supply Company to foreclose a mortgage. Judgment for plaintiff. Atlas Supply Company brings error. Reversed and remanded.

Horner, Steele & Boatman, for plaintiff in error.

R. A. Hockensmith and C. T. Huddleston, for defendant in error.

MASON, J. This is an appeal from the district court of Okmulgee county, Okla., and involves the question of superiority as between a mortgage lien and a materialman's lien.

On the 3rd day of April, 1920, the owners of a certain oil and gas lease, in order to develop the same in a more expedient and economical manner, appointed L. E. Cooper trustee, who proceeded with the development of the lease in accordance with the trust agreement.

On the 3rd day of June, 1920, the trustee made his first purchase of supplies from plaintiff in error for the development of the lease, and continued these purchases up to and including September 28, 1921.

On the 5th day of October, 1920, the trustee executed a mortgage to defendant in error, Bank of Commerce of Okmulgee, covering the leasehold estate and all equipment to secure indebtedness of $20,000 created at the time and evidenced by four promissory notes of $5,000 each. Default having been made in the payment of the notes, defendant in error sued on them and seeks judgment and the foreclosure of its mortgage.

Plaintiff in error filed its answer, setting up affirmatively a materialman's lien on the property covered by the mortgage for supplies furnished in the development of the lease, and exhibited to its answer a lien statement, itemized account, and invoices of the same, and prayed judgment for the amount due, and that the judgment be declared a first and prior lien on said property and that it be foreclosed. No reply to said answer was filed.

The case was tried to the court and judgment rendered in favor of both plaintiff in error and defendant in error for the amounts claimed and liens declared in favor of each, but the court adjudged that the lien of defendant in error, Bank of Commerce of Okmulgee, the mortgagee, was prior and superior to that of plaintiff in error, the Atlas Supply Company. It was stipulated of record that the only question to be determined by this court on appeal was that of superiority of these liens.

Plaintiff in error summarizes in its brief all of its assignments of error as presenting the one proposition, to wit: "Is the mortgage lien of the Bank of Commerce superior to the materialman's lien of the Atlas Supply Company?" The lien of plaintiff in error arises under and by virtue of section 7464, Comp. Okla. Stat. 1921, which, among other things, provides:

"* * * Such lien shall be preferred to all other liens or incumbrances which may attach to or upon said leasehold for gas and oil purposes and upon any oil or gas pipe line, or such oil and gas wells and the material and machinery so furnished and the leasehold for oil and gas purposes and the fixtures and appliances thereon subsequent to the commencement of or the furnishing or putting up of any such machinery or supplies. * * *"

It is suggested by defendant in error that upon the trial of the cause, plaintiff in error did not offer in evidence its lien statement, and this suggestion is borne out by the record, it nowhere appearing that the lien statement, itemized account, or inventories were ever formally introduced in evidence. The record discloses, however, that after plaintiff had rested and while the defendant Atlas Supply Company was intro-

ducing its evidence, the following statements and admissions were made:

Mr. Horner for plaintiff in error:

"Mr. Horner: If the court please, on behalf of Atlas Supply Company, we want to —I don't suppose counsel has any objection to the amount of our claim, but the question of priority is probably the thing they are going to contend against. Are you contesting any of these claims other than on question of priority?"

Mr. Huddleston for defendant in error:

"Mr. Huddleston: No, Mr. Senator, except on question of priority."

It is quite evident that these documents, being exhibited to the answer, were treated by the parties as being in evidence, and that the court so treated them, otherwise no judgment could have been rendered for plaintiff in error. The answer prayed for affirmative relief, and inasmuch as the affirmative matter set up therein was not denied by reply or otherwise, it is not in issue, but stands admitted and before the court for all purposes, and as the exhibits are made a part of the answer, it was unnecessary to offer them in evidence. St. Louis & S. F. R. Co. v. Driggers, 65 Okla. 297, 166 Pac. 703; State v. Ross, 76 Okla. 11, 183 Pac. 918; Baker v. L. C. VanNess & Co., 25 Okla. 34, 105 Pac. 660.

An answer which seeks affirmative relief under our rules of pleading assumes the office of a cross-petition, and if it be not demurrable, its affirmance can only be put in issue by reply.

Plaintiff in error furnished material to Cooper, trustee, in the sum of $5,392.36 before the execution of the mortgage and in the sum of $2,136.28 after its execution. On September 24, 1920, plaintiff in error was paid on its account $500; on October 12, 1920, $500; and on December 3, 1920, $2,427.16, making a total of $3,427.16. There were no directions given as to the items of the account on which these payments should be applied, and nothing to show on which items they were applied, and in the absence of such showing, it will be presumed that they were applied on the oldest items of the account first. The application of this rule leaves a balance due plaintiff in error at the time the mortgage was executed of $1,965.20. This sum, under the statute above quoted, and under the holding of this court, is a prior and superior lien on the property to that of the mortgagee; the lien attaching to the property as of the date the first material was furnished. Fleharty & Co. v. National Inv. Co., 89 Okla. 292, 215 Pac. 744. The lien of the plaintiff in error for items furnished prior

to the time the mortgage lien attached was prior and superior to the mortgage lien, while the lien of plaintiff in error for items furnished thereafter was subject to the mortgage lien of the bank.

The judgment of the trial court is therefore reversed, and the case remanded for further proceedings not inconsistent with the views herein expressed.

JOHNSON, C. J., and BRANSON, HARRISON, and LYDICK, JJ., concur.