**OKLAHOMA TOOL & SUPPLY CO. v. SMITH et al.**

No. 16761—Opinion Filed June 1. 1926.

**1. Oil and Gas—Statutory Labor Lien Applicable to Drilling Tools.**

Under section 7464, C. S. 1921, a person who performs labor in drilling an oil or gas well has a lien upon the tools, machinery and appliances used in drilling the well the same as upon the leasehold, oil or gas pipe lines, etc., as therein provided, to secure his claim for the labor performed.

**2. Same—Priority of Labor Lien to Chattel Mortgage Unfiled.**

Under the above statute, the lien for labor performed is superior to a chattel mortgage given before the commencement of the labor, but not filed for record till after the first labor was performed.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Flem Smith against C. H. Hartman et al. to recover for work and labor in drilling an oil well and enforcement of laborer's lien. The Oklahoma Tool & Supply Company interpleaded a chattel mortgage. Judgment for plaintiff Smith, and the interpleader has appealed. Affirmed.

McGuire & Marshall and F. A. Bodovitz, for plaintiff in error.

Edgerton & Vickers, for defendants in error.

Opinion by THREADGILL, C. On February 16, 1924, Flem Smith, defendant in error, as plaintiff, brought this action against C. H. Hartman and Hartman Williams Oil Company, to recover the sum of $515 with interest for work and labor performed from May 16 to August 28, 1923, both days inclusive, in drilling an oil well in Creek county under contract, and to foreclose its lien against the leasehold estate. The plaintiff in error, Oklahoma Tool & Supply Company, was made a defendant because it held a mortgage on the tools and machinery with which the drilling was done, said mortgage being dated May 9, 1923, and filed for record

May 24. 1923. There were other defendants not necessary to mention here. The Oklahoma Tool & Supply Company filed a cross-petition seeking to foreclose its mortgage as a prior lien to plaintiff's lien. The cause was tried to the court January 20, 1925, and the court gave judgment in favor of plaintiff, holding that his lien for work as a driller was superior to the chattel mortgage lien held by the defendant, Oklahoma Tool & Supply Company, and said defendant has appealed. There are just two questions presented by the appeal. The first is: "Can a workman engaged in the drilling of a well for oil and gas have a lien upon the drilling tools employed in the work?" and the second is: "If so, is such lien prior to a purchase price mortgage theretofore given, but filed succeeding time that work commenced?"

There is no controversy as to the facts, the whole contention is over the application of the law to the facts. Section 7464, Compiled Statutes 1921, provides the lien about which the parties disagree as to its application, and reads as follows:

"Any person, corporation, or copartnership, who shall, under contract, express or implied, with the owner of any leasehold for oil and gas purposes or the owner of any gas pipe line or oil pipe line, or with the trustee or agent of such owner, perform labor or furnish material, machinery, and oil well supplies used in the digging, drilling, torpedoing, completing, operating, or repairing of any oil or gas well, or who shall furnish any oil or gas well supplies, or perform any labor in constructing or putting together any of the machinery used in drilling, torpedoing, operating, completing, or repairing of any gas well, shall have a lien upon the whole of such leasehold or oil pipe line, or gas pipe line, or lease for oil and gas purposes, the buildings and appurtenances, and upon the material and supplies so furnished and upon the oil or gas well for which they were furnished, and upon all the other oil or gas wells, fixtures, and appliances used in the operating for oil and gas purposes upon the leasehold for which said material and supplies were furnished or labor performed. Such lien shall be preferred to all other liens or incumbrances which may attach to or upon said leasehold for gas and oil purposes and upon any oil or gas pipe line, or such oil and gas wells, and the material and machinery so furnished and the leasehold for oil and gas purposes and the fixtures and appliances thereon subsequent to the commencement of, or the furnishing or putting up of any such machinery or supplies; and such lien shall follow said property and each and every part thereof, and be enforcible against the said property wherever the same may be found; and

compliance with the provisions of this article shall constitute constructive notice of the lien claimant's lien to all purchasers and incumbrances of said property, or any part thereof, subsequent to the date of the furnishing of the first item of material or the date of the performance of the first labor."

Plaintiff in error, in discussing this statute, makes a difference in the work done in the development of an oil and gas mining lease and work done in operating it. It contends the first applies to drilling the well, and the second to operating the well after it is drilled, and it contends the same distinction applies in the matter of furnishing materials, machinery, supplies, and upon this theory it bases its contention that the statute does not give a lien upon the tools and appliances used in the process of drilling, to laborers, unless the labor performed is done in putting together or constructing the machinery or appliances used in drilling, torpedoing, or operating the well, but if the work is done in operating the well after it is drilled, then the lien attaches to such machinery and appliances as are used in such operation. It says this distinction appears in the language of the statute where it states "and upon all other oil or gas wells, fixtures and appliances used in the operating for oil and gas purposes, upon the leasehold for which said material and supplies were furnished or labor performed." It would have us understand that the words "operating for oil and gas purposes" mean operating after the well is drilled. This construction would eliminate the laborer's lien from the materials and machinery used in drilling unless done upon the tools and machinery themselves, and limit the lien to such tools, material, and machinery as are actually used in operating the well after it is drilled. We cannot agree with this construction. We think the language, "fixtures, and appliances used in operating for oil and gas purposes upon the leasehold for which said material and appliances were furnished or labor performed" broad enough to include tools, fixtures, and appliances used in developing the lease for oil and gas purposes, in bringing in a well or in operating it after it has been brought in. To support its theory plaintiff in error cites us to certain Texas cases which discuss the Texas statutes, and hold that the word "appurtenances" under the statute does not include a derrick, engine, pump, and other machinery, but this statute does not use the language "fixtures and appliances used in operating for oil and gas purposes" as ours does, and, therefore, the cases cited do not apply to our statute or to the instant case.

If plaintiff in error's contention were correct, the laborer, in the work, of drilling, in the majority of the wells on leaseholds where no oil or gas is found, would have but little property for the application of this statutory lien. If no oil or gas was found, the leasehold would be worthless, and the tools, machinery, and appliances used in drilling being exempt, there would be nothing of value for the lien. We think this far from the legislative intent, and we cannot adopt it. In the case of Eberle v. Brennan, 40 Okla. 59, 136 Pac. 162, this court says:

"The provisions of the mechanics' lien law should be interpreted so as to carry out the object had in view by the Legislature in enacting it, namely, the security of the classes of persons named in the act, upon its provisions being in good faith substantially complied with on their part."

The first question decisive of the appeal must, therefore, be answered in favor of the defendant in error Flem Smith.

As to the second question, involving the priority of the mortgage lien given before the work commenced, but filed for record subsequently thereto, it is settled in favor of the defendant in error by this same statute, sec. 7464, and the statute in this respect is so construed in the case of Atlas Supply Company v. Bank of Commerce, 101 Okla. 57, 223 Pac. 159.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 40 C. J. p. 1164 §845; p. 1170 §850. (2) 40 C. J. p. 1179 §876; anno. L. R. A. 1915D, 1153; 5 R. C. L. p. 448; 1 R. C. L. Supp. p. 1404; 4 R. C. L. Supp. p. 328; 18 R. C. L. p. 955: 3 R. C. L. Supp. p. 880; 4 R. C. L. Supp. p. 1226.