## ROSE et al. v. SINGER BROS. CLOAK CO.

No. 24633.    March 26, 1935.

McKeown & Green, for plaintiffs in error.

H. G. Orton, for defendant in error.

PER CURIAM. This is an appeal by transcript from a judgment of the county court of Pontotoc county, Okla. Suit was instituted in the justice of the peace court and carried to the county court by appeal, where judgment on the pleadings was rendered in favor of the defendant in error, plaintiff below. The parties will be referred to as they appeared below.

The record discloses that the plaintiff in its bill of particulars declared upon an open account for goods, wares, and merchandise alleged to have been sold by it to the defendants, claiming $197.75 due thereon. The bill was duly verified by the plaintiff's attorney, and attached thereto was an itemized statement of said account, duly verified by the treasurer of the plaintiff corporation. The defendants filed their verified answer containing no denial, but admitting the purchase of said goods, as alleged, and claiming that they were not of the sample and grade as represented; they further claimed that plaintiff's agent guaranteed the price of said goods to be as low as the price for which said goods could be purchased elsewhere, that the defendant discovering this to be untrue, returned to the plaintiff the unsold portion of said goods with a remittance for the part sold, which the plaintiff refused and returned to the defendants; that thereupon the defendants sold a portion of said goods for the sum of $126, which sum they tendered into court with the unsold portion of said goods, alleged to be of the value of $71.75, and prayed for judgment accordingly. Plaintiff filed its motion for judgment on the pleadings in the county court, which motion was sustained and judgment was rendered for the plaintiff for $126, the order reciting that the goods of the value of $71.75 had been returned to and accepted by the plaintiff. No exceptions were taken at the time, but two days later the defendants filed what they designated their exceptions and notice of appeal.

Defendants assign as error the action of the trial court in sustaining plaintiff's motion for judgment on the pleadings, and rendering judgment for the plaintiff, as aforesaid.

It may be noted in passing that such motion, not being a part of the judgment roll nor incorporated in the transcript by a bill of exceptions, does not of itself bring anything before this court for consideration; however, the lower court had inherent power to render a judgment on the pleadings without a motion by either party, and such final judgment is a part of the judgment roll and its correctness may be tested here regardless of said motion. See Mires v. Hogan, 79 Okla. 233, 192 P. 811, wherein the court says:

"A final judgment is a part of the judgment roll, and its correctness can be tested in this court by an examination of the judgment, its premises, recitals therein, the pleadings, and all parts of the judgment roll, and in considering such judgment it is not material to the jurisdiction of this court whether or not a judgment on the pleadings was rendered on the motion of a party or by the court on its own motion."

Defendants first urge that a disputed question of fact was raised by the pleadings, entitling them to a trial, by reason of the alleged absence from the bill of particulars of a positive allegation that the itemized, verified account was correct, and rely principally upon the decision of this court in Smith et al. v. Cottage Home Remedy Co., 91 Okla. 87, 216 P. 165, and cases therein cited. We cannot agree with this contention as to the facts. The bill contains the allegation "that a full, true and correct itemized statement of account, duly verified, is attached hereto," etc. This allegation is tantamount to saying the account is correct. We have carefully considered the bill of particulars, and bearing in mind the liberality of pleading which obtains in the justice court, conclude that it sufficiently complies with section 220, O. S. 1931, as construed by this court in Smith et al. v. Cottage Home Remedy Co., supra, and the cases therein cited.

This being true, it was necessary under said authorities for the defendants to deny the correctness of the account, under oath, in order to raise an issue thereon. But they did not deny the correctness of the same at all, and, on the contrary, admitted the purchase and delivery of the goods involved. Furthermore, while defendants claimed misrepresentation in the sale of the goods, they tendered the proceeds derived from the sale of a portion of said goods, together with those remaining on hand, alleged to be of the value of $71.75, which said tender in money and goods equaled the amount sued for. Under this status of the pleadings, no material disputed question of fact existed, and only a question of law was raised as to which party was entitled to judgment. The judgment of the court, therefore, was not only proper, but the only judgment which could have been rendered, and was as favorable to the defendants as their answer would have permitted if a trial had been had.

In Mires v. Hogan, supra, the court said:

"A judgment on the pleadings is rendered not because of the lack of evidence or proof, but because of a lack of issue of fact. If there be no issue of material fact presented by the pleadings, then it becomes a question of law as to which party is entitled to judgment. A motion for judgment is not directed at the form of the pleadings, but goes to the substance; it does not assail indefiniteness, or uncertainty, or clerical errors, and such a motion can raise only such questions as are raised on a general demurrer. A motion for judgment on the pleadings presents solely a question of law."

Plaintiff calls our attention to the supersedeas bond appearing in the transcript and asks judgment thereon. We accordingly render judgment on said supersedeas bond.

The authorities cited by the defendants herein have been fully examined and considered, but, upon the record, are not controlling of the issues herein presented. The judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys W. E. Crowe, Theodore R. Trevors, and Ernest F. Smith in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Crowe, and approved by Mr. Trevors and Mr. Smith, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.