## OSBORN v. MOASCO, Inc., et al.

No. 27663. Nov. 2, 1937.

C. E. Thomas, for plaintiff in error.

C. J. Davenport, for defendants in error.

HURST, J. This is an appeal from an order sustaining a motion for judgment on the pleadings in favor of one of the defendants, Harry Robbins. The following is a brief abstract of the pleadings:

The action was commenced by the petition of Mrs. L. E. Osborn, doing business as the Oilton Torpedo Company, seeking to recover from Moasco, Inc., for materials furnished and labor performed in the shooting of a well located on a lease owned by Moasco, Inc., and to foreclose a laborer's lien upon the casing, tubing, rods, tanks, rig, and other machinery and equipment located thereon. Plaintiff afterwards filed an amended petition in which she alleged that defendant Harry Robbins and another defendant not involved in this appeal claimed some interest in the property covered by her lien, and asked that they be made party defendants. The lien statement attached to the original petition was referred to, and the amended petition was verified. The defendant Robbins filed an answer and cross-petition. The answer consisted of a general denial and in the cross-petition he alleged that the casing in the well belonged to him and that he had rented it to Moasco, Inc., under a written contract for an agreed rental, but that he at all times retained the title in himself. The answer and cross-petition was amended to attach a copy of the written contract and was not verified. The contract, in substance, provided that Robbins "lease and let" to Moasco, Inc., certain casing at a specified rental per foot, and "granted an option to buy any or all of said casing" for a certain price per foot, "and such purchase price will be credited with the rental paid for such purchased casing." It was then provided: "Title remains in first party until full payment is made for any casing purchased under terms of this contract."

Plaintiff filed a reply and answer to the cross-petition of defendant Robbins consisting of a general denial, and alleging further that when plaintiff furnished the material to shoot the well the casing was in the well and that she had no knowledge or notice that it was claimed by or be-

longed to defendant Robbins; that if the casing is the property of defendant Robbins, plaintiff is entitled to a lien on it, "and that the said Harry Robbins, defendant, is estopped from claiming or asserting any claim of ownership to said casing superior to the lien of plaintiff for the reason that said contract attached to said defendant's answer was not filed of record in the office of the county clerk of Creek county, Okla., and that this plaintiff had no knowledge or notice of such contract prior to the furnishing of such material and performance of such labor as aforesaid." This reply and answer to the cross-petition was not verified.

The case was tried before the court without a jury. Plaintiff took a default judgment against the defendant Moasco, Inc. Defendant Robbins moved for judgment on the pleadings and the opening statement of plaintiff's counsel, which was sustained, and plaintiff brings this appeal.

It is axiomatic that a motion for judgment on the pleadings should be denied where the pleadings raise a question of fact to be tried. Cobble v. Farmers' National Bank (1916) 53 Okla. 814, 158 P. 364. We must therefore determine if any question of fact is raised by the pleadings in this case.

Defendant, in his cross-petition, alleged the execution of a written instrument by which he rented the casing to Moasco, Inc., with an option to purchase, but retaining title in himself, as therein provided. The reply and answer to this cross-petition was not verified, hence under section 220, O. S. 1931, the allegations of the execution of this written contract are taken as true. The admission of the execution of this contract by the pleadings admits the legal effect that must of necessity follow, and this legal effect is to place it before the court with all of its contents, terms, and conditions, and it is unnecessary to introduce it in evidence. St. Louis & S. F. Ry. Co. v. Driggers (1917) 65 Okla. 297, 166 P. 703. Plaintiff apparently takes the position that if the answer and cross-petition is not verified, then the reply is not required to be verified. But the statute does not make the verification of the pleading in which the instrument is alleged a prerequisite to the verification of the denial, and no such construction has been adopted by this court. St. L. & S. F. Ry. Co. v. Driggers, supra; Ince Nursery Co. v. Sams (1918) 73 Okla. 138, 177 P. 370; Freed Furniture Co. v. Criterion Advertising Co. (1935) 171 Okla. 92, 42 P. (2d) 123.

Under this state of the pleadings, there was no issue of fact to be tried, and the trial court was correct in rendering judgment on the pleadings and opening statement, in favor of the defendant Robbins. The contract was one of bailment and not a conditional sale, as the option to buy was never exercised, and the title did not at any time pass to Moasco, Inc. U. S. Supply Co. v. Andrews (1919) 71 Okla. 293, 176 P. 967; Okmulgee Supply Corp. v. Oil Well Supply Co. (1934) 167 Okla. 505, 30 P. (2d) 903. Under such circumstances the applicable rule is stated in Garber & Pulse v. Gloyd (1934) 168 Okla. 88, 31 P. (2d) 947, at page 90, page 949 of 31 P. (2d), as follows:

"We are of the opinion that a person who takes his drilling equipment or borrowed equipment upon the lease of another for the purpose only of drilling a well thereon, and the owner of the lease does not acquire any interest in the title thereto, does not thereby subject his property to the lien claims of third person creditors of the lease owner. It is the intention of the law to create a lien upon the property of the contracting lease owner, in favor of those having claims against the contracting lease owner."

Kissinger v. Burgher Oil & Gas Co. (1935) 174 Okla. 49, 49 P. (2d) 1049, and White v. A. C. Houston Lumber Co. (1937) 179 Okla. 89, 64 P. (2d) 908. are in accord. See section 10978, O. S. 1931.

The cases relied on by plaintiff are distinguishable in that the property upon which the lien was sought was owned by the employer of the lien claimant, or belonged to the leasehold estate. They are McAnally v. Cochran (1935) 170 Okla. 368, 40 P. (2d) 955; Brown v. Neustadt (1930) 145 Okla. 140, 292 P. 73; Brewer v. Oil Well Supply Co. (1927) 126 Okla. 108, 258 P. 866; International Supply Co. v. Conn (1926) 119 Okla. 130, 249 P. 900.

Admitting that the allegations in the reply and answer to the cross-petition are true, they are not sufficient to put in issue the question of estoppel. It is alleged that the casing was in the well and being used by Moasco, Inc., at the time the materials were furnished and labor performed, and that defendant Robbins did not place his contract of record, and that plaintiff had no knowledge or notice of such contract. But the contract was one of bailment and not a conditional sale as contended by plaintiff, and defendant Robbins was un-

der no duty to place it of record by reason of section 11906, O. S. 1931, which refers to conditional sales. The mere possession and control by Mo'asco, Inc., is not sufficient to estop the real owner from asserting his title against one who deals with the bailee on the faith of its apparent ownership. Yonkman v. Harvey (1928) 133 Okla. 252, 271 P. 839.

We find no merit in plaintiff's argument that the only "answer" on file on behalf of defendant was a general denial, and that where the petition states a cause of action, it is error to render judgment on the pleadings where the answer does not allege new matter. Here there is more than a general denial, for the allegations of the cross-petition state the defense to plaintiff's cause of action 'as far as the lien on the casing is concerned, and the case of Leighton v. Crowell (1916) 60 Okla. 219, 159 P. 1119, cited by plaintiff in support of this argument, is not in point.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and CORN, JJ., concur.