## LITTLE v. EMPLOYER'S CASUALTY CO.

No. 28801.   Oct. 3, 1939.

R. D. Howe, of Eufaula, for plaintiff in error.

James C. Cheek, of Oklahoma City, for defendant in error.

PER CURIAM. This is an appeal by transcript from a judgment rendered on the pleadings. The decisive and only proper question submitted for determination is whether such judgment was proper. The parties appear here in the same order as they did in the trial court and will be referred to as they appeared in that court.

The action was brought to recover for medical services which plaintiff alleges he had furnished to Charley Parks at the request of Brown Brothers. Liability of the defendant was sought to be imposed on the ground that it was the insurance carrier of Brown Brothers and had knowledge of the employment of plaintiff by Brown Brothers, and had, by its silence, acquiesced therein. The plaintiff further alleged that he had submitted his claim to the State Industrial Commission and that it had dismissed the same by order of December 4, 1936, as shown by copy attached to his petition as an exhibit. This exhibit discloses the fact that the claim had been denied by the Industrial Commission. Therefore, the question of liability had already been adjudged, the matter was res judicata, and the court was correct in denying the claim. Swift & Co. v. Walden, 176 Okla. 268, 55 P.2d 71.

As said in the case of Osborn v. Moasco, Inc., 181 Okla. 140, 73 P.2d 113:

"It is proper to sustain a motion for judgment on the pleadings where the pleadings do not raise any question of fact to be tried."

To the same effect see Rose v. Singer Bros. Cloak Co., 171 Okla. 245, 42 P.2d 548; Claypool v. Employer's Casualty Co., 177 Okla. 286, 58 P.2d 876; Mires v. Hogan, 79 Okla. 233, 192 P. 811.

Plaintiff cites numerous decisions which deal with a variety of questions, none of which are germane to the determinative issue presented, and therefore we will not undertake to discuss the questions therein involved. It suffices to say that we have carefully examined the second amended petition of plaintiff, upon which the judgment herein is based, and find that it does not contain any allegation tending to show a duty, either contractual or otherwise, on the part of the defendant to pay for the services for which plaintiff seeks recovery. The plaintiff failed to state facts sufficient to establish any cause of action against the defendant, and therefore the trial court proceeded properly when it sustained the motion of the defendant and rendered judgment in its favor on the pleadings. No error is presented.

Judgment affirmed.

BAYLESS, C. J., and OSBORN, CORN. GIBSON, and DAVISON, JJ., concur.