**BRANDING IRON COUNTRY CLUB, INC.,**
a corporation, Plaintiff in Error,

v.

**CONCHO SAND AND GRAVEL COMPANY,**
a corporation, Defendant in Error.

No. 39771.

Supreme Court of Oklahoma.

Oct. 16, 1962.

Appeal from Court of Common Pleas of Oklahoma County; Dwain D. Box, Judge.

Concho Sand and Gravel Company, a corporation, sued Branding Iron Country Club, Inc., a corporation, for grading and excavation work. Judgment was for the plaintiff and defendant has appealed. Reversed.

Ram Morrison, Oklahoma City, for plaintiff in error.

Pearson & Moon, by A. E. Pearson, Oklahoma City, for defendant in error.

HALLEY, Justice.

This case is a little involved because of the fact that the plaintiff company is owned by the Hess family and the Concho Construction Company is owned by the same people. Also there are three corporations mentioned in this case which are owned by R. E. L. Finley and his relatives, some having an interest in one or two but not all of the companies. They are the defendant here, Highland Beach, Inc. and Highland Hills Swimming Club, Inc. Parties will be referred to as in the trial court.

It is the plaintiff's contention that the defendant owes for the work it performed and the defendant claims that it did not hire the plaintiff to perform any services for it and it never agreed to pay the plaintiff for such services.

In so far as this particular case is concerned it appears that R. E. L. Finley, commonly called Bob Finley, called Glen E. Hess who was vice-president and general manager of the plaintiff and told him that there was dirt moving work that he wanted done. Neither said who they were representing. Glen E. Hess owed the Branding Iron Club a rather large amount for services and food furnished him at the club. Mr. Finley thought a plan could be worked out whereby the bill that Glen Hess owed the Branding Iron could be paid by a check exchange after the work was completed but Hess could not do this because of obligations to his bank. When the work was completed a bill was sent to the defendant which showed $1,098.50 due plaintiff. Five hundred dollars was paid on this amount on June 16, 1958, by a check of Highland Beach, Inc.

It appears from the evidence that the Highland Beach, Inc. owned the land on which the defendant club was situated and also owned the land on which Highland Hills Swimming Club, Inc. was located.

After a thorough study of the record in this case we are unable to find any evidence which would entitle the plaintiff to recover from the defendant. It is clearly apparent that the wrong corporation was sued. The demurrer to the evidence of the defendant should have been sustained for there is no evidence whatsoever that the defendant owed the plaintiff anything as none of its officers were shown to be authorized to engage the plaintiff to do the work. This Court has frequently held that when there is no evidence reasonably tending to support the allegations of the petition the demurrer to plaintiff's evidence should be sustained. Wright v. Medlar, 176 Okl. 555, 56 P.2d 395; Barnes v. Davis, 30 Okl. 511, 120 P. 275.

The judgment of the trial court in this case is reversed with directions to sustain the demurrer to the evidence and enter judgment for the defendant.