## CALEB GILL & others *vs.* INHABITANTS OF SCITUATE.

Public officers charged by the St. of 1862, c. 177, with the duty of providing for the maintenance of a highway, and of looking, for contribution towards the expense, to such benefited towns in such proportions as might be determined by an award of commissioners appointed by this court on petition under § 2, brought an action to recover from such a town its proportion of expense according to the award. The defendants sought to avoid the award, on the ground that it was made without sufficient notice to them and without their being heard. It appeared, at the trial, that the defendants never did appear, nor were ever heard, before the court or the commissioners; but that, when the petition for the appointment of commissioners was filed, a legal and sufficient notice was given to all persons interested to appear and be heard; that the commissioners gave some notice to the defendants, but which the defendants contended was insufficient, to appear and be heard on the question of what award they should make; and that, before returning their award into court, the commissioners served a copy of it on the defendants. *Held,* that the omission of the defendants to appear in court and object to the acceptance of the award or move for its recommitment was a waiver of the alleged insufficiency of the notice they received from the commissioners.

CONTRACT by the chairmen of the selectmen of Hingham, Weymouth and Quincy, describing themselves in the writ " as they are jointly charged by law with the care and superintendence of the abutments, bridges, draws and piers formerly owned by the late Hingham and Quincy Bridge and Turnpike Corporation," and alleging that their predecessors, as chairmen of the selectmen of said three towns for the year 1866, and pursuant to the St. of 1862, *c.* 177, expended $3800 in the maintenance and repairs of said abutments, bridges, draws and piers, and for other expenses provided for in said statute, and, after such expenditures, on December 26, 1865, apportioned the amount among the towns liable to pay the same, including Scituate, according to the award of the commissioners appointed under the statute to determine what towns in Norfolk and Plymouth counties were benefited by said statute, and in what proportions and manner such towns should defray expenses incurred under its provisions; that notice was given to said towns on January 10, 1866, of the sums so apportioned to them; that the sum apportioned to Scituate was $475; and that the defendants became liable to pay that sum, but neglected to do so, and owed it to the plaintiffs, with interest. Writ dated August 15, 1866.

The answer insisted that the award of the commissioners was null and void as to the defendants, because they were not heard before the commissioners, nor before the court, and had no opportunity to be heard, nor any previous notice of the time and place when and where the commissioners would hear them.

The case was submitted to the judgment of the superior court, and, on appeal, of this court, on a statement of facts agreed, of which the following are all that are material:

After the passage of the St. of 1862, *c.* 177, the Hingham and Quincy Bridge and Turnpike Corporation presented their petition to this court in Suffolk, praying for the appointment of commissioners, as provided in said statute. Upon this petition, the court ordered the petitioners to give notice that it would consider and act upon the matters set out therein on August 2, 1862, by serving a copy of the petition and order on the select-

men of Quincy, Hingham and Weymouth, and the chairmen of the county commissioners of Norfolk and Plymouth, fourteen days before said August 2, and by publishing the same two weeks successively in four local newspapers named in the order, for all persons to appear and show cause, &c. Notice was served and published according to the terms of the order, and commissioners were appointed by the court on August 2, who on September 16 prepared notices in writing that they would be in session at the town hall in Quincy at ten o'clock in the forenoon of September 18, when and where the towns to which said notices were addressed, including the town of Scituate, might be heard in the premises. The notice addressed to the defendants was served by a deputy sheriff on one of their selectmen by giving him a copy of it between noon and one o'clock in the afternoon of September 17. But the defendants had not then held, nor did they hold until long after September 25, any town meeting on the subject matter of the St. of 1862, *c.* 177; and they were not heard by or before the commissioners; nor did they have any selectman, agent, attorney or other representative before the commissioners; nor did they ever ratify, approve or confirm, in any way, the doings of the commissioners, except that their selectmen drew orders on their treasurer for the first assessments made by the plaintiffs or their predecessors, which orders were paid by the treasurer, and the annual reports of the selectmen, containing a statement of said items, were accepted by the town.

The commissioners met on September 18, 1862, at the town hall in Quincy, and on September 25 made up their report and award; caused a copy of the award, signed by themselves, with a copy of the order of court appointing them, to be forthwith served on the defendants; and returned the award into this court, which thereupon, without any notice whatever given after making the award, accepted it and affirmed the doings of the commissioners, at April term 1863, after the decision reported 6 Allen, 353; the defendants not being heard by nor appearing before the court on the question of the acceptance and affirmation.

*W. Gaston*, (*J. Humphrey* with him,) for the plaintiffs.

*E. Ames*, (*P. Simmons* with him,) for the defendants.

CHAPMAN, C. J.    When the petition was entered in this court, a legal and sufficient notice was given to all persons interested to appear and be heard.   The defendants did not appear.   Commissioners were appointed, who gave a very brief notice to the defendants to appear before them.   It is contended that it was insufficient.    But, after the commissioners made their award, they gave notice of it to the defendants, who might then, if they objected to it, have entered their appearance in this court and objected to the acceptance of the award or moved its recommitment.    If any error had been made, there was ample opportunity to correct it.    But the defendants did not appear.    A judgment was entered ; and the plaintiffs, as public officers, have incurred the expenses under it which are the subject of this action.    The court are of opinion that the defendants, by their omission to make objection seasonably, have waived the alleged defect in the notice given by the commissioners.

*Judgment for the plaintiffs.*