# Cincinnati Equipment Company, Appellant, *v.* Strang.

*Contract—Bailment—Sale—Replevin.*

In an action of replevin it appeared that the plaintiff by an instrument in writing leased to the defendant a quantity of rails together with a steam shovel and a number of dump cars. A rental payable in installments was provided for, and it was further agreed that upon the payment of $10.00 in addition, defendants could purchase the equipment. It was also provided that in case of default in payment of rental plaintiff might take possession of the property. Throughout the contract the articles leased were repeatedly referred to as "said equipment." The articles were separately valued. The cars and shovel were marked as the property of the plaintiff, while nothing of the kind was required with respect to the rails. It was also stipulated that the shovel and cars were not to be removed from the lessee's work. *Held,* that the contract was a contract of bailment, and not a sale of the rails as well as of the shovel and cars, and that on default the lessors could seize the rails as well as the shovel and cars.

Argued April 16, 1906. Appeal, No. 230, Jan. T., 1905, by plaintiff, from judgment of C. P. Clearfield Co., Feb. T., 1904, No. 124, on verdict for defendant in case of Cincinnati Equipment Co. v. E. P. Strang, W. Forsythe, J. Lancaster Dailey and George W. Green, trading as Strang & Forsythe. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Reversed.

Replevin for rails, steam shovel and cars. Before SMITH, P. J.

The facts of the case are stated in the opinion of the Supreme Court.

*Error assigned* was in refusing binding instructions for plaintiff.

*Smith V. Wilson,* with him *J. Washington Logue,* for appellant.—The contract was one of bailment for all the articles: Jones v. Wands, 1 Pa. Superior Ct. 269; Porter v. Duncan, 23 Pa. Superior Ct. 58; Edwards' App., 105 Pa. 103; Enlow v. Klein, 79 Pa. 488; Stiles v. Seaton, 200 Pa. 114; Hartman v. Meighan, 171 Pa. 46; Alcott v. Hugus, 105 Pa. 350; Shires v. O'Connor, 4 Pa. Superior Ct. 465.

*David L. Krebs* and *Roland D. Swoope*, with them *Gordon &
Boulton*, for appellee, cited: Meadville v. Erie Canal Co., 18
Pa. 66; City of Erie v. Erie Canal Co., 59 Pa. 174; Redman's
App., 173 Pa. 59; McCowin's App., 165 Pa. 233; Frazier v.
Munroe, 72 Pa. 166; Shrewsbury Savings Inst's Appeal, 94
Pa. 309; Mutual Fire Ins. Co. v. Coatesville Shoe Factory, 80
Pa. 407; Earp's Appeal, 75 Pa. 119; Strickler et al. v. Todd,
10 S. & R. 63.

OPINION BY MR. JUSTICE STEWART, May 24, 1906:

This controversy concerns none but the parties to it. The
contract as they themselves made it, must determine their re-
spective rights thereunder. The Cincinnati Equipment Com-
pany, plaintiff in the case, by written articles of agreement—
we follow the language of the instrument—leased and demised
unto the defendants sixty-nine 9/100 ton of 2240 rails, with
three sets of frogs and switches; one industrial iron works
steam shovel, and thirty dump cars; the rent therefor to be
paid as follows: $2,000 cash, two notes, each for $1,609.30,
and one for $1,599.30, maturing at different periods, aggregat-
ing the sum of $6,817.90, the total value of the material leased.
The contract provided that said notes being paid, for the fur-
ther consideration of $10.00, the Equipment Company would
sell all said material to the lessees; but in case of failure to
pay any of the notes the equipment company should have the
right to take possession of the same wherever it might be.
Default in payment of the notes having occurred, the lessors,
by writ of replevin, recovered all the leased articles; but upon
trial of the issue joined, the learned presiding judge, distin-
guishing between the several articles embraced in the contract,
held with respect to the rails, that the contract gave plaintiffs
no right to recover them in any event; that with respect to
these the contract was one of sale and not of lease, and directed
a verdict for the defendants for the value of the rails as fixed
by the contract. This ruling of the court is assigned for error,
and it is the only matter for our consideration. The contract
first recites what is leased, enumerating the items we have
given above, and fixing a valuation on each. Thereafter in
the contract these are repeatedly referred to collectively as
" said equipment," in such a way as to make it very evident

that the parties regarded it as one undertaking though composed of several items. So too in the original negotiations. In the preliminary paper that led up to the contract, the several articles are enumerated and collectively designated as an equipment. The mere fact that each item was separately valued cannot be said to have a contrary significance, since such a valuation may just as well be regarded as introduced in order to provide a measure for compensation, in case of inability on part of the lessees, through the loss or destruction of some particular article of the leased property, to return it on the determination of the lease. Undue significance was given by the learned judge to the fact that the contract distinguished between the rails and the cars and shovel, in providing that the latter, while in the use of the lessees, should be marked as the property of the equipment company, while nothing of the kind is required with respect to the rails. The difference in the nature of the several articles suggests a sufficient explanation consistent with the view that the contract was entire. The marking of the cars and shovel was a simple matter, easily accomplished; the marking of the rails in such a way as to give notice of ownership to the public, would be so difficult as to make it well nigh impracticable. Besides, it was evidently contemplated that the rails would be fixed in place, while the cars and shovel would be used as needed along the entire line of the road, without fixed location. Presumably it was this latter circumstance that suggested a provision that the shovel and cars were not to be removed from the lessees' work, and that wherever they might be, in case of default in the rent, the lessors might enter upon the premises and recover possession thereof. This provision with respect to the shovel and cars, did not abridge the right of the lessors to repossess themselves of the rails under the earlier and general clause, which gave them the right to take possession of " said equipment wheresoever same should be located " in case of default. The determining feature in the case is that the parties themselves declare the rails to be part of the equipment; the right to repossess in case of default extended by express provision to everything included in the term " equipment." This provision relating to the recovery of the shovel and cars furnishes no basis for the application of the rule that excludes what is not expressed. It has a purpose

of its own, suggested as we have said, by the peculiar nature and use of the property to which it refers.

We are unable to find anything in the contract that indicates an intention to distinguish between any of the articles so far as concerns the right to recover the same in case of default. The rails were leased, just as were the other articles enumerated, and the plaintiff's rights with respect to them were the same.

The case presents no other question than that considered. Plaintiff's first point which called for binding instructions to the effect that under all the evidence in the case the verdict should be for the plaintiff, should have been affirmed.

Judgment reversed and judgment for plaintiff ordered.