**U. S. SUPPLY CO. et al. v. ANDREWS.**

No. 8674—Opinion Filed March 26, 1918.

Rehearing Denied Jan. 7, 1919.

(176 Pac. 967.)

(Syllabus.)

### Sales—Construction of Contract—Oil and Gas Well Casing—"Bailment."

The owner delivered to another casing to be used in the drilling of an oil and gas well, under a contract by the terms of which a special rental was to be paid for the use of same, and in case the well in which said casing was to be used should be productive of oil or gas in paying quantities, and should be used for producing oil or gas, or in case the receiver desired to use said casing in any other well to be drilled for oil or gas, then and in that event the party receiving the casing should purchase same and pay, in addition to rental charged, a sum fixed by the parties, held, this was a "bailment," and not a sale of the casing, and title did not pass to the party receiving the same.

Error from District Court, Payne County; James B. Cullison, Assigned Judge.

Action by James L. Andrews against the Keystone Oil & Gas Company and the U. S. Supply Company. Judgment for plaintiff, and defendants bring error. Reversed, with direction to dismiss the action, so far as affecting the plaintiffs in error.

Blake & Hazlett, for plaintiffs in error.

Warren K. Snyder, for defendant in error.

OWEN, J.    This action was begun by James L Andrews, in the district court of Payne county, to recover balance due from the Keystone Oil & Gas Company for labor performed in drilling an oil and gas well for this company on certain land in Payne county. The petition alleges, in substance, that this company was the owner of a lease for oil and gas mining purposes, and that, after the performance of the work and the failure to pay the balance due, Andrews filed his mechanic's lien in the office of the court clerk of Payne county, and that after this lien was filed the U. S. Supply Company, one of the defendants below, removed certain casing from the premises on which the work had been performed; that this casing was the property of the Keystone Oil & Gas Company, and subject to the lien filed by Andrews. Judgment was rendered for Andrews against the Keystone Oil & Gas Company, his lien foreclosed and held to attach to the casing removed by the U. S. Supply Company, and judgment rendered against that company for the amount due Andrews from the Keystone Oil & Gas Company. To reverse that judgment, plaintiffs in error bring the case here.

It appears the casing in question was furnished by the U. S. Supply Company to the Keystone Oil & Gas Company under the following contract:

"This indenture made and entered into this 11th day of December, 1913, by and between the Keystone Oil & Gas Company, a corporation, party of the first part, and the U. S. Supply Company, a corporation, party of the second part, witnesseth:

"That for and in consideration of the sum of $875.10 (eight hundred and seventy-five dollars and ten cents), to be paid as hereinafter set forth, the said second party has this day and does by these presents rent and lease to the said second party all of the hereinafter mentioned casing to be used in the drilling of an oil and gas well on the southeast quarter of section 23, township 18, range 6, in Payne county, Oklahoma; said second party warranting that said casing is in good condition and in weight is suited and adapted to the use of drilling an oil or gas well. The U. S. Supply Company, party of the second part, agrees to replace all defective casing that Mr. J. L. Andrews refuses to use in said well. Said casing is as follows, to wit: [Describing it.]

"Said casing is to be delivered to the said first party by the second party at the warehouse of the second party in Cushing, Oklahoma, and is to be returned to said warehouse of the second party in Cushing, Oklahoma, except as hereinafter set out, by the said first party, free of cost to the said the U. S. Supply Company, upon the drilling of a dry hole in the well for which said casing is rented.

"Said first party is to return said casing to the second party in as good condition as it is in at the time of delivery of same to first party as above set out.

"It is further understood and agreed by and between the parties hereto that the first party is to pay to the second party as rental on said casing the sum of $875.10 to be paid as follows, to wit:  $421.50 when the first party begins to haul said casing from the warehouse of the second party in Cushing, Oklahoma, and $453.60 when the first party begins to haul the 8¼-inch casing from said warehouse.

"It is further understood and agreed by and between said parties that, in case the well in which said casing is to be used should be productive of oil or gas in paying quantities, and should be used for producing oil or gas by the first party or its assignees, or in case first party desires to use said casing in any other wells to be drilled for oil or gas, then and in that event the said

first party shall purchase all of said above-mentioned casing from the U. S. Supply Company, and shall pay therefor, in addition to the $875.10 above mentioned, an additional sum of $2,953.43; said amount to become due and payable upon the completion of such producing oil or gas well.

"In witness whereof, the parties hereto have hereunto set their hands this 11th day of December, 1913.

"In duplicate."

The question presented and necessary for determination is whether this contract amounts to a conditional sale or a bailment. If it was a conditional sale, not having been recorded, it was void as against Andrews, and his lien would attach. On the other hand, if it be held not to be a sale, but a bailment, the lien would not attach, and the judgment should be reversed. The lower court took the view it was a sale. This, we think, was error, and for that reason the judgment must be reversed.

In the case of Sturm v. Boker, 150 U. S. 312, 14 Sup. Ct. 99, 37 L. Ed. 1093, a similar question was presented. The opinion in that case quotes with approval from the case of Hunt v. Wyman, 100 Mass. 200, where it was said:

"An option to purchase if he liked is essentially different from an option to return a purchase if he should not like. In one case, the title will not pass until the option is determined; in the other, the property passes at once, subject to the right to rescind and return."

Under the terms of the contract in question there, certain firearms were consigned, at a fixed price, to be sold by the consignee, 'and the profits divided between the consignee and consignor, but in the event all or any part of the arms should not be sold they should be returned to the consignor. In construing the contract it was said:

"The contract in its terms and conditions meets all the requirements of a bailment. The recognized distinction between bailment and sale is that, when the identical article is to be returned in the same or some altered form, the contract is one of bailment, and the title to the property is not changed. On the other hand. when there is no obligation to return the specific article, and the receiver is at liberty to return another thing of value, he becomes a debtor to make the return and the title to the property is changed; the transaction is a sale."

In the instant case the identical casing was to be returned. unless a paying oil or gas well was produced. or the consignor desired to use the casing in drilling another well. In either of these events he was to purchase the casing at an agreed price. This was not a sale, but merely an agreement to purchase. In the case of McClelland v. Scroggin, 35 Neb. 536, 53 N. W. 469, a contract was held not a conditional sale, but merely an agreement to sell, where it was provided that S. leased M. certain lands, and a large amount of personal property thereon, consisting of live stock and farming implements, at an agreed value of $23,331, providing:

"That when said M. shall pay to said S. the sum of $23,331, with interest thereon at the rate of 10 per cent. per annum, together with the rents above specified, and all sums which S. may advance to or for said M., with interest thereon. then all the above property shall be conveyed to him, the said M., together with all increase thereof."

In the case of Cincinnati Equip. Co. v. Strang, 215 Pa. 475, 64 Atl. 678, the contract was held to be a bailment. and not a sale, where it provided for rental payable in installments for a quantity of steel rails, and that on payment of $10 in addition defendant could purchase the rails, and that on default in rental the assignor might take possession.

In the case of Wiggins v. Tumlin, 96 Ga. 753, 23 S. E. 75, a contract was held to be a mere bailment, and not a sale, where the owner of the property delivered the same to another on trial, and for use, with the understanding that if the property suited the latter. the parties would close a trade for the sale thereof.

Counsel for defendant in error cite a number of cases in support of the contention that the contract amounted to a conditional sale: but these authorities are not in point, for the reason that in the cases cited the title was to remain in the grantor until the payment of the purchase price, and was to pass to the grantee upon payment of the balance due on the purchase price. In such instances the transaction amounts to a conditional sale, and is void against creditors under the statute, unless recorded, and it does not change the character of the transaction, even though the installments of the purchase price be designated as rents for the use of the instrument. This form of contract is common in the sale of farming implements, sewing machines, and certain musical instruments. In many instances the installments are designated as rents, and are to be treated as such unless the full purchase price is paid; but, in the event of the payment of sufficient installments to amount to the full purchase

price, then title passes to the purchaser. In such cases the option is to return the property if the purchaser does not care to complete the installments. The title passes to the property, subject to the right to rescind and return on failure to pay the installments. In 6 C. J. p. 1095, the rule is announced to be:

"Where property is delivered to another, who is given an option to buy in case he so desires, the transaction is a bailment, and not a sale, or a conditional sale. Transactions of this character are to be distinguished from contracts known as contracts of 'sale or return,' wherein a purchaser of property is given an option to return it if he likes."

In the instant case the casing was not to be purchased by the Keystone Company, unless a paying oil or gas well should be produced, "and should be used for producing oil or gas by the first party, or in case the first party desires to use said casing in any other well to be drilled for oil or gas." Under this contract the Keystone Company might have returned the identical casing at any time before they used the same in a producing well, or in drilling another well. The case falls within the rule announced by the United States Supreme Court in Sturm v. Boker, supra.

The judgment of the lower court is reversed, with directions to dismiss the action as far as it affects the plaintiffs in error.

All the Justices concur, except TURNER, HARDY, and BRETT, JJ., not participating.