### WAMMACK et al. v. JONES.

No. 13954—Opinion Filed Sept. 23, 1924.

**1. Partnership—Definition.**

A partnership is the association of two or more persons for the purpose of carrying on business together and dividing the profits and losses between them, and exists as the result of a voluntary contract between the parties, and never solely by operation of law.

**2. Oil and Gas—Drilling Contract for Interest in Lease—Absence of Partnership Relation.**

A contract between the owners of an oil and gas lease with a driller to sink a test well upon such lease in consideration of the assignment of an undivided interest in such lease to such driller, does not create a partnership between such owners and driller.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okmulgee County; John L. Norman, Judge.

Action brought by W. D. Jones to recover $397 upon an oral contract for work and labor against S. E. Wammack, Thomas Lindley, W. A. Settle, and the Home Drilling Company, a partnership firm. Judgment went for plaintiff and against the defendants S. E. Wammack, Thomas Lindley, and W. A. Settle, from which judgment the defendants S. E. Wammack and Thomas Lindley have appealed. Reversed as to defendants S. E. Wammack and Thomas Lindley, with directions.

G. E. Cassity, for plaintiffs in error.

H. S. Samples, for defendant in error.

Opinion by DICKSON, C. The parties will be referred to in this opinion as plaintiff and defendants as they were designated in the trial court.

On the 9th day of December, 1920, the defendants S. E. Wammack and Thomas Lindley, being the owners of an oil and gas lease on certain lands in Okmulgee county, Okla., entered into a written contract with the defendant W. A. Settle to drill a test well for oil and gas upon the lands covered by said lease.

The contract provided that said defendant Settle should drill said well to a depth of 2,000 feet, unless oil or gas was found in paying quantities at a lesser depth, the said Settle to furnish the derrick or rig, casing, water, fuel, tools, and all labor and other equipment and materials necessary to properly drill said well to the required depth free of expense to the said defendants Wammack and Lindley. It was further provided by said contract that the said defendant Settle was to properly plug the well free of any expense to the defendants Wammack and Lindley in the event oil or gas in paying quantities was not encountered. The contract further provided that in the event oil and gas should be found in paying quantities the parties should bear and pay the costs and expenses of shooting, cleaning out, and operating the same in proportion to their respective interests in said leasehold estate.

The said Settle was to receive as compensation for the performance of his part of said contract an undivided 5-8 interest in said oil and gas lease. Pursuant to said contract the defendants Wammack and Lindley assigned to the defendant Settle an undivided 5-8 interest in said lease. Afterward the defendant Settle entered into a contract with Guy H. Woodward, who appears to have been a trustee or assignee of the Home Drilling Company, a partnership, to furnish the rig, casing, and other materials and machinery necessary to drill said well, and assigned to the said Guy H. Woodward, as such trustee, an undivided 3-16 interest in said lease. Afterward the said defendants S. E. Wammack and Thomas Lindley conveyed to the said Guy H. Woodward an undivided 1-16 interest in said lease, and in said assignment it was expressly provided that the same was

to be subject to the terms and conditions of said drilling contract between the defendants S. E. Wammack and Thomas Lindley and W. A. Settle, and in pursuance of said contract the said Settle and Woodward drilled a well upon said premises to a depth of 2,000 feet, and the same proved to be dry.

It appears that at the instance of the defendants Woodward and Settle, the plaintiff did certain work in the way of hauling the rig, casing, and drilling tools and machinery from Morris, Okla., to the place where said well was drilled, and that said services were reasonably of the value of $397. Upon the failure of said Settle and Woodward to pay for said services, the plaintiff on the 6th day of September, 1921, instituted this suit, joining S. E. Wammack, Thomas Lindley, W. A. Settle, and the Home Drilling Company, a partnership firm, as defendants, upon the theory that all of said defendants were partners in said drilling enterprise. The defendants S. E. Wammack, Thomas Lindley, and Guy H. Woodward, as trustee for the Home Drilling Company, filed their answer setting out the facts substantially as above and pleading the several contracts as exhibits to said answer.

Upon the trial the defendant Settle appeared and confessed judgment, and at the conclusion of the evidence the court discharged the jury and rendered judgment dismissing the case as to the defendant Guy H. Woodward and the Home Drilling Company, and rendered a joint and several personal judgment in favor of the plaintiff and against the defendants W. A. Settle, S. E. Wammack, and Thomas Lindley.

The defendants S. E. Wammack and Thomas Lindley have appealed to this court and assign as error: (1) The court erred in not rendering judgment for Wammack and Lindley. (2) The court erred in overruling the motion for a new trial.

It is not contended that the defendants Wammack and Lindley held themselves out to be partners in this drilling enterprise, or that they had anything to do with the employment of the plaintiff. They simply made a contract with the defendant Settle to drill a test well upon their leasehold estate, and instead of paying in cash agreed to and did assign to the said defendant a fixed interest in said estate. Of course, all of the parties owned an interest in this lease and were interested in having the test well drilled, but this did not make them partners.

"A mere community of interest as owners of specific property, or the profits from a particular adventure or business, does not necessarily, of itself, constitute the co-owners partners." Gorman v. Carlock, 72 Okla. 104, 179 Pac. 38.

Nor did the provision in the contract looking to the operation of the well in the event oil and gas was encountered create a present partnership.

"A marked distinction exists in law between an agreement to enter into the copartnership relation at a future day and a copartnership actually consummated. It is an elementary principle that a partnership in fact cannot be predicated upon an agreement to enter into a copartnership at a future day unless it be shown that such agreement was actually consummated. In the language of the text books, the partnership must be 'launched.' To constitute the relation, therefore, the agreement between the parties must be an executed agreement. So long as it remains executory the partnership is inchoate, not having been called into being by the concerted action necessary under the partnership agreement. It is undoubtedly true that a partnership in praesenti may be constituted by an agreement if it appears that such was the intention of the parties. But where it expressly appears that the arrangement is contingent, or is to take effect at a future day, it is well settled that the relation of partners does not exist, and that, if one or more of them refuse to perform the agreement, there is no remedy between the parties except a suit in equity for specific performance or an action at law for the recovery of damages, should any be sustained." (Citing 1 Bates Partn. sec. 78; Wilson v. Campbell, 10 Ill. 383; Parsons Partn. 6.) Meagher et al. v. Reed [Colo.] 9 L. R. A. 460, 24 Pac. 681.

In Gillespie v. Shufflin, 91 Okla. 72, 216 Pac. 132, it is said:

"In order to constitute a mining partnership, the parties must cooperate in developing a lease for oil and gas, each agreeing to pay his part of the expenses and to share in the profits and losses."

The contract in the instant case expressly negatives the theory that the defendants Wammack and Lindley were to pay any part of the expenses of the drilling of the well, or to in any way share in the profits and losses of such drilling. In order for the plaintiff to recover against the defendants Wammack and Lindley, the burden was upon him to show that said defendants had by an express or implied contract associated themselves with the defendant Settle for the purpose of drilling said well and dividing the profits and losses between themselves. Comp. Stat. 1921, section 8103.

The evidence wholly fails to establish any liability against the defendants Wam-

mack and Lindley, and no theory is advanced upon which a recovery against them could be upheld. It follows that the personal judgment against the defendants S. E. Wammack and Thomas Lindley should be reversed and remanded to the district court of Okmulgee county, with directions to dismiss the case as to said defendants.

By the Court: It is so ordered.