## ELLIS et al. v. LEWIS et al.

No. 16798—Opinion Filed Sept. 14, 1926.

### 1. Mines and Minerals — "Mining Partnership."

A mining partnership is the result of an agreement between two or more parties jointly to conduct the proposed partnership business, with the further agreement that each shall share in the expenses, losses, and profits of the enterprise.

### 2. Same—Insufficiency of Evidence to Establish Partnership in Drilling Oil Well.

Record examined; held, to be insufficient to support judgment against plaintiffs in error.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Kay County; Claude Duval, Judge.

Action by S. D. Lewis against T. J. Ellis and H. W. Gibson, receivers of the Mid-Co Petroleum Company et al., to foreclose a mechanic's lien. Judgment against the receivers of the Mid-Co Petroleum Company, and the latter bring error. Reversed.

Humphrey & Campbell, for plaintiffs in error.

Rittenhouse & Rittenhouse, for defendants in error.

Opinion by WILLIAMS, C. E. W. Marland and the Cosden Oil Company were the lessees of a school land oil and gas lease. By the terms of the lease it expired about July 15, 1923, unless oil or gas was produced in paying quantities before the expiration date. The lessees entered into a contract with Embry & Lewright to drill a well on the lease and to complete the same before the expiration date. The contract between the lessees and Embry & Lewright provided that the latter should not receive compensation unless the well was completed within the

time provided, and that if it was completed before the expiration date they should receive the assignment of the lease covering 80 acres of the lease of the 160 on which the well was to be drilled. The latter parties entered into a contract with S. D. Lewis to drill the well. Embry & Lewright entered into a contract with Z. D. Craig, representing the Mid-Co Petroleum Company, for the latter to lease certain casing to Embry & Lewright for use in the drilling of the well. The contract provided that title should be reserved in the Mid-Co Petroleum Company for the casing, and further provided that the casing should be returned to the owners within a given period of time. Title was reserved in the owners for the material which was leased to Embry & Lewright. The contract also provided that the latter should have an option to purchase the casing within the rental period of time. The contract also provided that if the lessees of the casing were unable to pull any part of the casing they should pay to the owners a specified sum of money for such casing.

A second contract was entered into at the same time which provided that Embry & Lewright should assign to the owners of the casing an undivided one-eighth interest in the oil rights as compensation for the leasing of the casing. The latter contract is materially involved in this action. The trial court reached the conclusion that the result of the latter contract was to create a mining partnership between the owners of the casing and Embry & Lewright. A contract was entered into between Embry & Lewright and the owners of the casing in the latter days of June, 1923, which, among other things, provided that the lessees should pull the casing from the well on or before July 10th unless oil should be found in the well in producing quantities which would require the casing to continue in the well. We think the latter contract does not enter into this case in a material way, further than the other contracts. The contracts expressly provided that the lessor of the casing should not be charged with any of the expenses in drilling the well. S. D. Lewis commenced the drilling the well and continued the same to a depth of about 1,100 feet. Delays from one cause and another prevented continuous work on the well and the same was not completed within the expiration date of the lease. Under the terms of the contract Embry & Lewright became indebted to S. D. Lewis in the sum of about $12,000 for the drilling of the well. S. D. Lewis, L. B. Embry, and E. D. Lewright filed bids with the School Land Commission for a new lease,

in lieu of the expired lease, which had terminated about July 15, 1923. L. B. Embry was awarded the new lease about September 17, 1923, and became the owner of an oil and gas lease on the premises affected by the lease. S. D. Lewis filed his mechanic's lien against the premises on the theory that the after acquired lease by Embry, who contracted with him to drill the well, became charged with the expenses incurred in drilling the well under the old lease. T. J. Ellis and H. W. Gibson, as receivers for the Mid-Co Petroleum Company, were joined as parties defendant on the theory that the latter parties entered into a mining partnership with Embry & Lewright by reason of the contracts referred to between the parties.

It was the contention of S. D. Lewis that the contract which provided for the assignment of a one-eighth interest in the oil rights from Embry & Lewright under the old lease constituted a mining partnership between the parties, and had the effect of subjecting the casing furnished by the Mid-Co Petroleum Company to the mechanic's lien. It must be borne in mind that Embry & Lewright failed to drill the well according to their agreement with E. W. Marland and the Cosden Oil Company, and the former never became entitled to an assignment of any interest in the old oil and gas lease. The fact that the old oil and gas lease expired before the well was drilled must not be overlooked, and on this account Embry & Lewright never became seized of any interest in the first oil and gas lease. Therefore Embry & Lewright were never in a position to assign the Mid-Co Petroleum Company any interest in the leased premises under the contract with Craig. Another distinguishing feature in the contracts between Embry & Lewright and the Mid-Co Petroleum Company is that it was expressly provided that the owners of the casing should not be charged with any expense in the drilling of the well.

It was said by this court in the case of Gillespie v. Shufflin, 91 Okla. 72, 216 Pac. 132:

"In order to constitute a mining partnership, the parties must co-operate in developing a lease for oil or gas, each agreeing to pay his part of the expenses and to share in the profits or losses."

The same question was again before this court in the case of Wamack et al. v. Jones, 103 Okla. 1, 229 Pac. 159, wherein this court said:

"A partnership is the association of two or more persons for the purpose of carry-

ing on business together and dividing the profits and losses between them, and exists as the result of a voluntary contract between the parties and never solely by operation of law."

This court had the precise question involved here in the latter case, and said on this point:

"A contract between the owners of an oil and gas lease with a driller to sink a test well upon such lease in consideration of the assignment of an undivided interest in such lease to such driller does not create a partnership between such owner and driller."

Other cases which deny the application of the principle contended for by S. D. Lewis are: Brenner Oil Co. v. Dickson-Goodman, 108 Okla. 257, 236 Pac. 44; Christy v. Union Oil & Gas Co., 28 Okla. 324, 114 Pac. 740; Harsh v. Morgan, 1 Kan. 293; U. S. Supply Co. v. Andrew, 71 Okla. 293, 176 Pac. 967; Carpenter v. Meade, 60 Okla. 127, 153 Pac. 658; Anderson v. Keystone Supply Co., 93 Okla. 224, 220 Pac. 605; Barrett v. Buchanan, 95 Okla. 262, 213 Pac. 734.

The definition of a mining partnership as given by the cases denies the application of the principle of law involved in a mining partnership to the instant case. The facts set forth in the record in this appeal deny the application of the principle of a mining partnership as between the Mid-Co Petroleum Company and Embry & Lewright. The court committed reversible error in subjecting the casing furnished by the Mid-Co Petroleum Company for use in the well to the mechanic's lien filed by S. D. Lewis. The question between the receivers of the Mid-Co Petroleum Company and S. D. Lewis in relation to the casing is the only matter involved in this appeal.

The cause is reversed and remanded, with directions that the casing leased by the Mid-Co Petroleum Company to Embry & Lewright be discharged from the mechanic's lien of S. D. Lewis.

By the Court: It is so ordered.

Note.—See under (1) 40 C. J. p. 1143, § 796. (2) 40 C. J. p. 1147, § 799.