## OKMULGEE SUPPLY CORPORATION v. OIL WELL SUPPLY CO. et al.

No. 21806.   March 20, 1934.

Joseph J. Rosenbloom, for plaintiff in error.

E. J. Gilder, A. L. Beckett, and M. A. Dennis, for defendants in error.

OSBORN, J.  This action was instituted in the district court of Okmulgee county by the Oil Well Supply Company against A. C. Saint, L. A. Turner, Elwood Taylor, and Black, Sivalls & Bryson, and a number of other defendants as an action for foreclosure of a materialmen's lien on an oil and gas mining lease.  The Okmulgee Supply Corporation intervened in said action.  A number of issues were involved and adjudicated by the trial court.  This appeal is prosecuted by the Okmulgee Supply Corporation, hereinafter referred to as intervener, against the Oil Well Supply Company and Black, Sivalls & Bryson, hereinafter referred to as plaintiffs.  The appeal is lodged from an order of the trial court sustaining a motion to strike an amendment to the petition of intervention of the Okmulgee Supply Corporation.  It will be unnecessary to recite all the facts developed in the trial of the various issues involved in the lower court.

It appears that on January 3, 1927, the Okmulgee Supply Corporation entered into a contract with A. C. Saint, one of the principal defendants in the action, for the rental of certain casing.  Said contract is hereinafter set forth in full as follows:

"Whereas, party of the second part is now engaged in the drilling of a well, for oil and gas purposes, upon the oil and gas mining leasehold estate situated in Okmulgee county, Okla., covering lands described as:

"Southwest quarter of the northwest quarter of section twelve (12), township fourteen (14) north, range twelve (12) east; and

"Whereas, in connection with the digging and drilling of said well, party of the second part requires a string of approximately 2,-100 feet of 6 5/8" 24# secondhand casing; and

"Whereas, party of the first part has agreed to let and furnish to the party of the second part said string of casing, and the party of the second part has agreed to rent said casing for the considerations and upon the terms and conditions hereinafter set forth.

"Now, therefore, for and in consideration of the sum of one dollar ($1) and other good and valuable considerations, and of the terms, conditions, stipulations, covenants, and agreements hereinafter contained, it is agreed as follows:

"First:  Party of the first part agrees to let and furnish to the party of the second part one string of 6-5/8" 24# second-hand casing, comprising approximately 2,100 feet, which said casing is let and furnished by the party of the first part to the party of the second part for the term of 45 days from date hereof at a cash rental of $400, the receipt of which is hereby acknowledged.

"Second:  Party of the second part agrees to haul said casing at his own expense from its present location to said leasehold estate.

"Third:  In the event of a dry or abandoned hole, party of the second part agrees

to pull said casing and return it to the yards of the party of the first part at the expense of the party of the second part, and for such part of said casing as shall be damaged or such part thereof as party of the second part shall be unable and/or fail to redeliver to the party of the first part he shall pay to the party of the first part the value thereof at the rate of ninety cents (90c) per linear foot in addition to the rental herein provided to be paid.

"Fourth: It is expressly understood and agreed by and between the parties hereto that in the event said well now drilling is not completed within 45 days from the date hereof, and party of the second part requires the use of said casing for an additional period of time, the party of the second part on demand of the party of the first part shall pay to the party of the first part the cash sum of five cents (5c) per linear foot as rental for an additional period of 30 days or any fractional part thereof, and such additional rental shall not be applied on the purchase price, in the event party of the second part elects to purchase said casing, as hereinafter provided.

"Fifth: Party of the second part is hereby given an option to purchase said casing within 50 days from date hereof, at a price of 90c per linear foot upon which he shall be credited with the sum of $400 paid as rental as herein provided, but he shall not be credited for all subsequent rentals paid by him, which sum shall be payable in cash upon the election to purchase of the party of the second part.

"Sixth: It is expressly understood and agreed that no title to said casing, either legal or equitable, shall pass to or vest in said party of the second part, or any cotenant or cotenants of said leasehold estate, or any person, firm, or corporation claiming by, through, or under him.

"Seventh: And it is further expressly understood and agreed that the title to said casing, pending the exercise of the option to purchase, as hereinbefore provided, and payment of the purchase price, to the party of the first part, shall, at all times, remain in the party of the first part; and that no lien or incumbrance whatsoever shall attach thereto.

"Eighth: At the expiration of the first rental period of 45 days, or upon the failure of the party of the second part to pay any subsequent installment of rental for said casing, as hereinabove provided to be paid, or upon the failure of the party of the second part to pull said casing and place same on a rack on said leasehold estate, the party of the first part shall be entitled to go upon said leasehold estate and repossess said casing, and exercise all means necessary to secure possession thereof.

"Witness the due execution hereof by the parties hereto the day and year first above written.
(Signed)

"Okmulgee Supply Corporation,
"By E. Horner, President.
"A. C. Saint,
"Party of the Second Part."

It appears that the casing was furnished in pursuance of the terms of said contract and used for the purpose of drilling a test well on the oil and gas lease herein involved. The intervener in its original petition prayed for possession of the casing, or in lieu thereof the sum of $2,000, and $200 attorney fees and costs and for the establishment of a lien thereon. Thereafter, an amended petition of intervention was filed and the cause proceeded to trial, and during the course of the trial, attorney for intervener requested permission of the court to amend its amended petition by inserting the words "intervener is entitled to the return of said casing." The permission was granted and the amendment was made. The trial proceeded and the court entered a judgment in which it was decreed that none of the parties litigant had any claim or lien upon the casing claimed by the intervener.

A motion for a new trial was filed in which it was urged that the trial court erred in granting permission to intervener to amend its amended petition. After a hearing the court sustained the motion for new trial and ordered the amendment to the petition of intervention stricken, from which order intervener has lodged this appeal.

The effect of this order of the court was the denial of the right of the intervener to recover possession of the property. Instead, a judgment was rendered in its favor in the sum of $2,000, as prayed in its petition in intervention, prior to the amendment.

The intervener contends that inasmuch as the first petition prayed for a lien on the casing and for possession thereof, and that obviously it was not entitled to a lien and possession at the same time, there was involved only an error in the pleading, which was corrected by leave of court when discovered. The plaintiffs contend that there is involved herein a question of election of remedies, that is, that, under the terms of the contract hereinabove set out, the intervener had a right to treat the transaction as a completed sale and sue for the purchase price, or could elect to sue for posses-

sion of the casing, and having made the election by its original petition in intervention, it had no right to change its form of action to pursue another and different remedy after the issues had been joined and the cause had proceeded to trial, and that the court erred in granting permission to amend the petition in intervention and upon motion for a new trial properly withdrew said permission and properly ordered the amendment stricken.

Intervener contends that no question of election of remedies is involved for the reason that it had but one remedy available. In this connection it is necessary to consider the terms of the original contract. The question arises whether, under the contract, there was a conditional sale, as contended by plaintiffs, or whether there was a bailment, as contended by intervener.

A contract very similar to the one involved herein was construed in the case of U. S. Supply Co. v. Andrews, 71 Okla. 293, 176 P. 967, wherein the court said:

"The owner delivered to another casing to be used in the drilling of an oil and gas well, under a contract by the terms of which a specified rental was to be paid for the use of same, and in case the well in which said casing was to be used should be productive of oil or gas in paying quantities, and should be used for producing oil or gas, or in case the receiver desired to use said casing in any other well to be drilled for oil or gas, then and in that event the party receiving the casing should purchase same and pay, in addition to the rental charged, a sum fixed by the parties. Held, this was a 'bailment,' and not a sale of the casing, and title did not pass to the party receiving the same."

We quote further from the body of the opinion:

"In the case of Sturm v. Boker, 150 U. S. 312, 14 Sup. Ct. 99, 37 L. Ed. 1093, a similar question was presented. The opinion in that case quotes with approval from the case of Hunt v. Wyman, 100 Mass. 200, where it was said:

"'An option to purchase if he liked is essentially different from an option to return a purchase if he should not like. In one case, the title will not pass until the option is determined; in the other, the property passes at once, subject to the right to rescind and return.'

"Under the terms of the contract in question there, certain firearms were consigned, at a fixed price, to be sold by the consignee and the profits divided between the consignee and consignor, but in the event all or any part of the arms should not be sold, they should be returned to the consignor. In construing the contract, it was said:

"'The contract in its terms and conditions meets all the requirements of a bailment. The recognized distinction between bailment and sale is that, when the identical article is to be returned in the same or some altered form, the contract is one of bailment, and the title to the property is not changed. On the other hand, when there is no obligation to return the specific article, and the receiver is at liberty to return another thing of value, he becomes the debtor to make the return and the title to the property is changed; the transaction is a sale.' * * *

"In 6 C. J., p. 1095, the rule is announced to be:

"'Where property is delivered to another, who is given an option to buy in case he desires, the transaction is a bailment and not a sale or conditional sale. Transactions of this character are to be distinguished from contracts known as contracts of "sale or return," wherein a purchaser of property is given an option to return it if he likes.'"

See, also, Tague v. Guaranty State Bank of Drumright, 82 Okla. 197, 202 P. 510.

An examination of the contract in question herein discloses that it is nothing more nor less than a rental contract with an option to purchase. The record discloses that the option was never exercised. There is, therefore, no theory of law or fact whereby the transaction could be considered as a sale or a conditional sale. Under the authorities above referred to, the contract was a bailment, and consequently the intervener had but one remedy, and that was the return of the property.

We assume that the trial court in sustaining a motion to strike the amendment to the petition in intervention was of the opinion that there was error in granting permission to make the amendment. In this the trial court was incorrect. The petition, prior to amendment, declared upon the contract, which as before stated provided for the leasing of the casing to defendants upon the terms therein stated. Included therein was an option to purchase. From the evidence adduced at the trial, it developed that the option had never been exercised. It is well settled that the court may, before or after judgment, in the furtherance of justice, allow the petition to be amended to conform to the facts proved. Hunt v. Tulsa Terrazo & Mosaic Co., 157 Okla. 174, 11 P. (2d) 521; Ganas v. Tselos, 157 Okla. 107, 11 P. (2d) 751; General Motors Acceptance Corp. v. Davis, 151 Okla. 255, 7 P. (2d) 157.

Since it developed during the course of

the trial that intervener had erroneously sought a money judgment and the establishment of a lien upon the property, and that under the plain provisions of the contract it was entitled to a return of the property, and no prejudice to defendants or plaintiffs is shown by amending the petition to conform to the facts, the amendment was properly allowed and properly made. This being true, it was error for the court to strike the amendment. It is pointed out in the case of Turk v. Page. 68 Okla. 275, 174 P. 1081, that while in some cases the granting or refusing a motion to strike rests in the sound discretion of the court, in doing so, the court must not act arbitrarily. The discretion referred to contemplates a legal discretion, a discretion to be exercised in discerning the course prescribed by law according to legal principles.

In the instant case the first judgment entered by the court was predicated upon the true facts. After the order of the trial court sustaining the motion to strike, a judgment was entered which did not conform to the terms of the contract, or to any reasonable construction thereof, so that the amendment was made in the furtherance of justice, and should not have been stricken.

The judgment of the trial court is reversed and the cause remanded, with directions to the trial court to enter a judgment in favor of intervener in conformity with the views herein expressed.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.