## HENDERSON et al. v. CURTIS.

No. 25884. Oct. 20, 1936.

Rehearing Denied March 16, 1937.

N. E. McNeill, J. A. Talbot, and W. C. Henneberry, for plaintiffs in error.

Joe W. Simpson, for defendant in error.

PER CURIAM. Plaintiff recovered a judgment for $164.25 for work performed by him on certain mining claims in New Mexico, upon the theory that the defendants were liable as members of a mining partnership or joint adventure.

It is the contention of defendants that no mining partnership existed and that their agreement was a "grubstake" contract. Under a grubstake contract the prospector has no power to bind his associates for any expenses incurred by him in connection with the enterprise.

The defendants entered into an agreement dated April 30, 1932. By the terms thereof defendants Elliott, Harris, and Henderson were to furnish $550 each to Maryott: "This money is to be used for the sole purpose of developing mining claims. * * *" The respective interests of the various parties are then set forth and the agreement continues as follows:

"It is further agreed that any profits accruing from the sale of any property * * * are to be divided as stated above.

"It is further agreed that any profits accruing from mining any property * * * are to be divided as stated above.

"It is further agreed that Harold D. Maryott is to draw no salary for the management of any property, but is to be paid out of accrued profits as stated above.

"It is further agreed that the land controlled and owned by Harold D. Maryott or any that may come under his control in the future, * * * or until this association be dissolved by consent of all participating, will be divided as stated above."

Plaintiff was employed as a laborer by Maryott, and had no knowledge of any agreements until after his employment had been terminated.

We are unable to agree with the position of defendants that the agreement entered was in the nature of a grubstake or prospecting partnership. The agreement of the parties clearly contemplated the development, sale, and operation of mining properties.

In Costello v. Scott (Nev.) 93 P. 1, 7, the court quotes as follows, with approval, from Lindley on Mines (2d Ed.) vol. 2, sec. 858:

" 'The "grubstake" contract, properly speaking, applies to the search for and location of mines on the public domain. * * * We frequently encounter cases where the object of the venture is not only to search for and discover mines, but also to work and develop them, and conduct a general mining business. This is something more than a "grubstake" contract. Such an agreement constitutes a partnership'."

The agreement in question goes much farther than a mere grubstake contract, for it will be observed that the money contributed was to be used for the purpose of developing mining claims, and it was contemplated thereunder that mining properties would be sold and operated for the benefit of all parties.

Defendants rely for reversal principally on the case of Carson v. Waller, 127 Okla. 186, 260 P. 72, which is clearly distinguishable. In that case it was held that a mining partnership or joint adventure was not created by the transfer of acreage in consideration of the drilling of a well. The agreement therein also dealt with the rights of the respective parties in the event the well should be a producer. No oil was ever produced, however, so the contingency provided in the contract upon the happening of which the parties would become mining partners never

occurred. At page 189 of the opinion the court quotes from the case of Wammack v. Jones, 103 Okla. 1, 229 P. 159, as follows:

" 'It is undoubtedly true that a partnership in praesenti may be constituted by an agreement if it appears that such was the intention of the parties. But, where it expressly appears that the arrangement is contingent, or is to take effect at a future date, it is well settled that the relation of partners does not exist. * * *' "

The agreement herein is not subject to any other construction than that a partnership was intended to be created in praesenti.

The lower court concluded from the evidence that a partnership did exist, and no reason occurs to us for not sustaining such conclusion. Judgment affirmed.

The Supreme Court acknowledges the aid of Attorney Streeter B. Flynn, Curtis P. Harris, and Gordon Fuller in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Flynn and approved by Mr. Harris and Mr. Fuller, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.