## MULLENS et al. v. GEO. C. WRIGHT LBR. CO. et al.

No. 27812.    Feb. 21, 1938.

Rehearing Denied March 29, 1938.

Robinson & Oden, for plaintiffs in error.

W. C. Austin, Robert B. Harbison, Frank Petree, and Morrill & Snodgrass, for defendants in error.

OSBORN, C. J. This action was instituted in the district court of Jackson county by Geo. C. Wright Lumber Company, hereinafter referred to as plaintiff, against the Universal Oil Development Company, Tradesmen's National Bank, Bert Mullens, and J. Russell Weil, hereinafter referred to as defendants, for the purpose of establishing and foreclosing a materialman's lien upon an oil and gas leasehold estate and a certain drilling rig. W. C. Baker and Ermon Walden were made parties defendants and each filed a cross-petition against the defendants, alleging liens for supplies and material furnished to defendants and used in the drilling of the oil and gas well involved herein. The parties last named will be referred to as cross-petitioners. The cause was tried to the court and a judgment rendered against defendants Universal Oil Development Company and Mullens and Weil in favor of plaintiff and in favor of cross-petitioners, establishing the lien claimed by them and decreeing a foreclosure thereof against the oil and gas leasehold estate and the drilling rig. The defendants Mullens and Weil have appealed from said judgment.

It appears that the defendant Universal Oil Development Company was the owner of an oil and gas lease in Jackson county and was desirous of drilling a well thereon for oil and gas. On December 7, 1935, said defendant entered into a written contract with the defendants Mullens and Weil whereby said company leased from them a rotary drilling rig for the purpose of drilling said well. By the terms of said contract the Universal Company was granted an option to purchase said rig for a consideration of $6,000; it was further provided that said company should keep said rig free and clear of all liens or incumbrances of any kind or character, including laborers' liens and materialmen's liens, and to guarantee faithful performance of said covenant, said company agreed to deliver a cashier's check in the amount of $1,000, payable to Mullens and Weil, to the Tradesmen's National Bank in Oklahoma City to be held in escrow for a period of 90 days after the possession of the drilling rig was returned to Mullens and Weil; it was further provided that if the option to purchase was not exercised and if any liens were filed against the drilling rig, then the bank should deliver the check to Mullens and Weil in satisfaction of any such claims. The contract further provided that the Universal Company should bear the expense of moving the rig to any location designated by Mullens and Weil within a radius of 200 miles of the drilling location of said company after the well was drilled. This contract was recorded in the office of the county clerk of Jackson county on December 10, 1935.

It appears that some contention arose between the parties as to the condition of the drilling rig, it being the contention of the Universal Company that various repairs were necessary, and on January 2, 1936, a supplemental agreement was entered into between the parties in settlement of the controversy regarding the repairs made by the Universal Company. The supplemental agreement provided for some reduction in the rental to be paid for the use of the rig

and a reduced purchase price in the event the company elected to exercise its option to purchase, to the sum of $5,500, and further provided that the company might withdraw the cashier's check in the Tradesmen's National Bank and deposit a cashier's check for the sum of $500 for the same purpose as outlined in the previous contract.

Various other supplemental written contracts were entered into between the parties from time to time, the details of which are not germane to the issue involved herein, but on May 7, 1936, after the well was completed, another written agreement was entered into between said parties wherein it was provided that the sum of $500 on deposit in the Tradesmen's National Bank in Oklahoma City should be paid to Mullens and Weil in lieu of the expense of moving the drilling rig away from the location of the defendant company and in further consideration of the sum of $150 which was due said Mullens and Weil for rental. It appears that thereafter the sum of $500 which had been deposited in escrow with said bank was paid to said Mullens and Weil and that they removed the drilling rig from the state of Oklahoma to the state of Texas. None of the supplemental agreements were recorded.

It appears that the supplies which were sold by plaintiff company to the Universal Company consisted for the most part of repairs and replacements upon the drilling rig. Said company proved its claim for material and supplies furnished in the sum of $286.17. Cross-petitioner Ermon Walden proved a claim in the sum of $305. Cross-petitioner W. C. Baker proved a claim for $177.53.

At the conclusion of the trial, judgment was rendered in favor of the plaintiff, George C. Wright Lumber Company, and the cross-petitioners above named against the defendant Universal Oil Development Company and B. Mullens and J. R. Weil. It was held by the court that the liens of said parties extended to the oil and gas leasehold and the drilling rig. It was further held that, since the defendants Mullens and Weil had removed the drilling rig out of the jurisdiction of the court, said plaintiff and cross-petitioners were entitled to a personal judgment against said defendants. No appeal is prosecuted by the defendant Universal Oil Development Company. The appeal is prosecuted only by the defendants Mullens and Weil.

Defendants insist that, since the title to the drilling rig was retained at all times by them, the same never became subject to materialmen's liens and that the court erred in fixing such liens against said property, citing U. S. Supply Co. v. Andrews, 71 Okla. 293, 176 P. 967; Okmulgee Supply Corporation v. Oil Well Supply Co., 167 Okla. 505, 30 P.2d 903; Garber & Pulse, Inc., v. Gloyd, 168 Okla. 88, 31 P.2d 947; Kissinger v. Burgher Oil & Gas Co., 174 Okla. 49, 49 P.2d 1049. The facts involved herein are dissimilar to the facts involved in any of the cited cases. The theory upon which the trial court rendered judgment against defendants is stated in the findings of the court as follows:

"It is the further order and decree of the court that by reason of the terms of the contract * * * as made and entered into by and between the defendant, Bert Mullens and J. Russell Weil, on the one part and the said Universal Development Company on the other part, which contract was dated December 7, 1935, and which was filed of record in the office of the county clerk of Jackson county, Okla., on December 10, 1936, and by reason of the payment and deposit of the sum of $1,000 as provided therein to and for the said Bert Mullens and J. Russell Weil for use either as part payment on the purchase price of the said material and equipment if the Universal Oil Development Company should so exercise the right and option therein granted and take and purchase the same, or, if the said option was not so exercised, then for the only other alternative use of devoting the same to the satisfaction, meaning payment, of any lien claims of any kind or character, which might be filed against said drilling rig and equipment and by reason of the course of handling thereon and all the circumstances involved as shown herein, the equities are with and should be declared and found in favor of the plaintiff and the defendants W. C. Baker and Ermon Walden, as between the plaintiff, and said defendants, as against the defendants Bert Mullens and J. Russell Weil, upon the claim of right to a lien upon said rig, material and equipment and the court so finds. The court further finds that, in the circumstances, the said defendant, Bert D. Mullens, and J. Russell Weil have received or voluntarily waived the benefit of the said sum of $1,000 so paid under said contract as so filed and placed of record and by the terms of which the said funds were to be used in payment of liens and claims of the kind and character so asserted by the plaintiff and the said W. C. Baker and Ermon Walden and further by reason of the removal of said rig from this jurisdiction and from the state of Oklahoma to the state of Texas, the said Bert Mullens and J. Russell Weil have become and are personally liable to the plaintiff and the said W. C. Baker and Ermon Weil (Walden) upon the

claims and demands set forth in the petition and the answers of the claimant defendants, and it is so ordered and decreed. It is therefore the further order and judgment of the court that plaintiff and said defendants, W. C. Baker and Ermon Walden, shall also have and recover of and from the said Bert Mullens and J. Russell Weil judgment for the amounts so herein found and rendered against the said Universal Oil Development Company, including the sum of $50 attorneys' fees, to plaintiff, $25 to W. C. Baker and $25 to Ermon Walden, and that the lien of plaintiff and said W. C. Baker and Ermon Walden against said property and equipment be and the same is foreclosed."

A number of authorities outlining the elements essential to the establishment of equitable liens are referred to in the recent case of Clark v. Armstrong & Murphy, 180 Okla. 514, 72 P.2d 362. It was therein pointed out that the whole doctrine of equitable liens is founded upon the maxim of equity which regards as done that which has been agreed to be, and ought to have been, done; that equitable liens which do not depend on possession are two kinds, (1) those that may be implied and declared by a court of equity out of general considerations of right and justice as applied to the relations of the parties and circumstances of their dealings, and (2) those that arise from a contract which shows an intention to charge some particular property with a debt or obligation. We are of the opinion that the trial court did not err in applying these principles to the situation herein involved. By virtue of the original contract which was placed of record the sum of $1,000 was placed in escrow. It was undoubtedly the intention of the contracting parties, in the event the Universal Company did not exercise the option to purchase the rig, that said fund should be available to pay and discharge laborers' and materialmen's liens. The plaintiff and cross-petitioners were entitled to rely upon the contractual arrangements between the parties. By virtue of subsequent supplemental agreements, which were not recorded, said fund was diverted from the purpose for which it was originally provided, in derogation of the rights of the lien claimants, and defendants Mullens and Weil "received or voluntarily waived the benefit of said sum of $1,000." It is unnecessary to determine, in this case, whether or not the drilling rig was subject to the liens claimed by plaintiff and cross-petitioners. The fund on deposit in the Tradesmen's National Bank of Oklahoma City was dedicated to that purpose and was sufficient to discharge all of the obligations involved herein together with the attorneys' fees allowed by the court. Said fund was, in effect, paid to defendants Mullens and Weil, and since it was chargeable with equitable liens in favor of plaintiff and cross-petitioners in the amount of their lien claims, the court did not err in rendering a personal judgment against them.

The judgment is affirmed.

PHELPS, GIBSON, HURST, and DAVISON, JJ., concur.