**AMERICAN PRODUCTS COMPANY, INC., a corporation, Plaintiff,**

v.

**Thomas H. MANGLESS et al., Defendants.**

No. 73-203.

United States District Court, E. D. Oklahoma, Civil Division.

March 5, 1974.

D. F. Rainey, Okmulgee, Okl., for plaintiff.

James S. Steph, Okmulgee, Okl., for Mangless' and Widow Jones Bakeries, Inc.

A. Camp Bonds, Muskogee, Okl., for Citizens Nat. Bank & Trust Co. and Mabrey.

Betty Outhier, Asst. Atty., Muskogee, Okl., for Small Business Administration.

## MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

In this Non-jury case the only issue is whether the Plaintiff has an equitable lien against a fund or bank account previously in the bank of the Defendant Citizens National Bank and Trust Company (of Okmulgee, Oklahoma) (Bank) under the name of Widow Jones Bakery —Special Account.

Defendants Thomas H. Mangless, Gayle Ann Mangless and Widow Jones Bakeries, Inc., a corporation, have been dismissed out or dropped as parties Defendant as Plaintiff seeks no relief against any of them and agrees that they should be dropped as party Defendants. The parties have agreed that Defendant Small Business Administration (SBA) has priority over Plaintiff as to the bakery equipment involved (and the fund resulting from its sale) by virtue of SBA's perfected Security Agreement, the Plaintiff having no Security Agreement as to such property. Thus, as stated above, the remaining issue is whether Plaintiff had an equitable lien against said bank account and if so whether said bank wrongfully converted a portion of said fund. The parties have agreed to a non-jury trial on the equitable lien issue.

After hearing the evidence and arguments of counsel and studying the trial briefs, the Court finds and concludes as follows:

Plaintiff sold and delivered certain bakery equipment to Mr. and Mrs. Mangless and/or Widow Jones Bakeries, Inc. Defendants Mangless and/or Widow Jones Bakeries, Inc. borrowed $45,000.00 from Defendant Bank. Defendant SBA guaranteed the loan and the note in said amount. The perfected Security Agreement pertaining thereto was eventually assigned by the Bank to the Defendant SBA. In due course the bakery equipment with other property had been included in the said Security Agreement. When the Defendants Mangless took bankruptcy a $9,160.15 balance in said Special Account was ap-

plied to the said note. It is agreed that this was a proper action unless the Plaintiff had an equitable lien against said balance in the fund prior to its application to the note. The Security Agreement was foreclosed by Defendant SBA and the bakery equipment was sold.

▌ Oklahoma law governs this diversity action. An equitable lien is recognized in Oklahoma. In Clark v. Armstrong & Murphy, 180 Okl. 514, 72 P.2d 362 (1937) it is held:

"A contract under which one party is to receive compensation for services out of a particular fund, if and when realized, and which has been performed by such party, gives him an equitable lien on the fund when created in the hands of any one having notice of the contract."

In Mullens v. Geo. C. Wright Lumber Co., 182 Okl. 355, 77 P.2d 700 (1938) it is held:

"To dedicate property, or to agree to do so, to a particular purpose or debt, is regarded in equity as creating an equitable lien thereon in favor of him for whom such dedication is made." (Syllabus)

"A number of authorities outlining the elements essential to the establishment of equitable liens are referred to in the recent case of Clark v. Armstrong & Murphy, 180 Okl. 514, 72 P. 2d 362. It was therein pointed out that the whole doctrine of equitable liens is founded upon the maxim of equity which regards as done that which has been agreed to be, and ought to have been, done; that equitable liens, which do not depend on possession, are two kinds, (1) those that may be implied and declared by a court of equity out of general considerations of right and justice as applied to the relations of the parties and circumstances of their dealings, and (2) those that arise from a contract which shows an intention to charge some particular property with a debt or obligation."

Also see Edmondston v. Holder, 203 Okl. 189, 218 P.2d 905 (1948) and Underwood v. Phillips Petroleum Co., 155 F.2d 372 (Tenth Cir. 1946).

Plaintiff contends that the evidence establishes that Plaintiff and the Bank through a long distance call or calls from Plaintiff to Bank entered into a contract under which it was agreed that Plaintiff was to be paid for its said bakery equipment out of said bank account. The Bank denies any such contract. It appears that Plaintiff also takes the position that the relations between the parties and the circumstances of their dealings create an equitable lien in Plaintiff's favor against said bank account by implication and general considerations of right and justice under equity for the unpaid balance due Plaintiff on said bakery equipment. The Bank denies any such equitable lien was created. In these circumstances, the Court must factually determine from the evidence before it whether the claimed equitable lien came into existence under either contention. The Court finds and concludes that an equitable lien did not come into existence under either contention.

▌ The Court finds and concludes from the evidence that Plaintiff called the Bank by long distance telephone not for the purpose of causing the Bank to guarantee payment to it from said bank account for the bakery equipment ordered by Defendants Mangless and/or Widow Jones Bakeries, Inc. but rather to see if the loan reported to Plaintiff by Mr. Mangless had in fact been confirmed. Had a reasonable person such as the President of Plaintiff intended to enter into such a guaranty agreement with the Bank he would not have been content to rest the same on an oral telephone conversation with a stranger without even a scrap of paper to confirm it. Thus, the Court finds that no equitable lien arose from a contract brought about by the mutual intent of the Plaintiff and the Bank to charge the bank account of the Defendants Mang-

less and/or Widow Jones Bakeries, Inc. with Plaintiff's invoices for bakery equipment. From the evidence and all the circumstances, the Court finds and concludes that said parties did not reach the contract or agreement claimed by Plaintiff.

Nor does the Court find and conclude from the evidence and all the circumstances that an equitable lien came into existence by implication from the relations and dealings of the parties herein. The Court finds from the evidence that the Bank did advise Plaintiff that the Mangless loan had been confirmed but did not dedicate the fund or bank account to pay Plaintiff's invoices for bakery equipment; that the Bank specifically told Plaintiff that Mr. Mangless would have to approve any of Plaintiff's invoices for bakery equipment before they were payable from said fund or bank account; that Mr. Mangless never approved Plaintiff's invoices for bakery equipment and never requested that the same be paid from said bank account except a part thereof which was paid on the approval and direction of Mr. Mangless and which is not in controversy here; that approval of Plaintiff's invoices as to the bakery equipment here involved was never made by Mr. Mangless because of defects in certain items thereof, principally an oven and a walkin freezer. The Court further finds that under the arrangement regarding the said bank account it took both the signatures of Mr. Mangless and the Executive Vice President of the Bank to validate a check thereon and the Bank could not properly obligate the bank account without the approval of Mr. Mangless and his signature on a check on the account. Mr. Mangless testified that he never approved Plaintiff's invoices for bakery equipment except the part thereof which was paid because of defects in the equipment nor did he prepare or sign a check to Plaintiff for the bakery equipment here involved or request the Bank to pay it. The Court does not feel that the relations and dealings of the parties are sufficient to create the claimed implied equitable lien in Plaintiff's favor against said bank account.

Plaintiff should therefore recover nothing herein against the Bank (or Defendant Mabrey III). Accordingly Plaintiff's action should be dismissed. It is not necessary for the Court to consider Plaintiff's claim for punitive damages. Counsel for Defendant Bank will prepare an appropriate Judgment based on the foregoing, present the same to counsel for Plaintiff and Defendant SBA's approval and forward the same to the Court for signature and entry herein.